**ATLAS TRANSPORTATION COMPANY**

v.

**UNITED STATES of America.**

**Civ. A. No. 23502.**

United States District Court
E. D. Pennsylvania.

Sept. 15, 1958.

Allen S. Olmsted, 2nd, Edwin S. Henry, Jr., Saul, Ewing, Remick & Saul, Clifford J. Hynning, Washington, D. C., for Atlas Transp. Co.

Charles K. Rice, Asst. Atty. Gen., James P. Garland and Jerome S. Hertz, Attorneys, Dept. of Justice, Washington, D. C., Harold K. Wood, U. S. Atty., Philadelphia, Pa., for the United States.

EGAN, District Judge.

Plaintiff taxpayer brought this suit against the Government to recover use or excise taxes in the amount of $202.50, together with interest, paid by the taxpayer for the fiscal year ending June 30, 1957. At the statutory rate of $1.50 per 1,000 pounds of "taxable gross weight," there was a tax of $40.50 on each of plaintiff's five vehicles. Plaintiff complains that the taxes were erroneously and illegally assessed and collected.

Taxpayer, Atlas Transportation Company, is a Pennsylvania corporation, having its principal office in Philadelphia, Pennsylvania, within the jurisdiction of this Court.

During the fiscal year ending June 30, 1957, the taxpayer owned and operated five highway motor vehicles, each of which was a two-axle van, equipped for use as a single unit, with an actual unloaded weight of 13,000 pounds or more. Taxpayer used these vehicles in its business of hauling household goods as a common carrier pursuant to a certificate of public convenience and necessity, issued to it by the Interstate Commerce Commission.

Plaintiff complains that the use tax schedule contained within the Treasury regulations, as applied to plaintiff, is arbitrary and capricious, is contrary to the provisions of Sections 4481 and 4482 of the Internal Revenue Code of 1954, as amended (Code), 26 U.S.C.A. §§ 4481, 4482, and is in violation of the Federal Constitution in that it represents an attempt by the Secretary of the Treasury to impose a tax which the Congress has not authorized. In the alternative, taxpayer complains that if the said use tax schedule is authorized under the Code, such provisions themselves are in violation of the due process clause of the Fifth Amendment to the Federal Constitution in the sense that they create an irrebuttable presumption of fact which is unrelated to and at odds with the true facts and which necessarily imputes to plaintiff repeated violations of the statutes of Pennsylvania and New York.

The Government, in its answer, denies that the taxes were erroneously and illegally assessed and collected and specifically avers that the Treasury regulations and schedules contained therein were duly promulgated within the proper scope of the statutory discretion given to the Treasury Department by Sec-

tion 4482; that they represent a reasonable administrative determination reached upon careful and detailed consideration of voluminous evidence submitted in connection with the complicated matters of administration raised by the statute; and that the statutes involved are valid enactments under the Constitution.

The pleadings raise, for the most part, questions of law. Both sides have filed affidavits and now plaintiff moves for summary judgment.

We are of the opinion that the regulations in question are valid administrative determinations made within the scope of the statutory discretion given under Section 4482(b) of the Code.

■ Taxpayer's argument is based on the theory that the Code provides for a tax on the "taxable gross weight" which is determined by adding the "actual unloaded weight of (A) such highway motor vehicle" to the "weight of the maximum load customarily carried on highway motor vehicles of the same type", while the regulations impose the tax according to the number of axles and unloaded weight of the vehicle.

The Highway Revenue Act of 1956, now part of the Code, imposed, inter alia, a new tax on the use of public highways by "any highway motor vehicle which * * * has a taxable gross weight of more than 26,000 pounds at the rate of $1.50 a year for each 1,000 pounds of taxable gross weight or fraction thereof." 26 U.S.C.A. § 4481.

Section 4482(b) defines "taxable gross weight" as follows:

"(b) Taxable gross weight.—For purposes of this subchapter, the term 'taxable gross weight,' when used with respect to any highway motor vehicle, means the sum of—

"(1) the actual unloaded weight of—

"(A) such highway motor vehicle fully equipped for service, and

* * * * * *

"(2) the weight of the maximum load customarily carried on highway motor vehicles of the same type as such highway motor vehicle * * *.

"Taxable gross weight shall be determined under regulations prescribed by the Secretary or his delegate (which regulations may include formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise)."

Later, pursuant to the above authority, the following regulations were promulgated:

"§ 41.4482(b)-1. Definition of Taxable Gross Weight—

"(a) *In general.* The tax imposed on the use of a highway motor vehicle (of a taxable gross weight in excess of 26,000 pounds) is based on the taxable gross weight of such highway motor vehicle. Taxable gross weight of a highway motor vehicle is determined with reference to the sum of (1) the actual unloaded weight of such highway motor vehicle (fully equipped for service); * * * and (3) the weight of the maximum load customarily carried on highway motor vehicles of the same type as such highway motor vehicle * * *.

"(b) *Meaning of terms.* For purposes of the schedule of taxable gross weights prescribed in paragraph (c) of this action—

"(1) The term 'actual unloaded weight' means the empty (or tare) weight of the truck, * * * fully equipped for service.

"(2) The term 'fully equipped for service' includes body (whether or not designed and adapted primarily for transporting cargo, * * *; all accessories; all equipment attached to or carried on such truck, * * * for use in connection with the movement of the vehicles by means of its own motor or for use in the maintenance of the vehicle; and a full complement of lubricants, fuel, and water. The term does not

include driver, any equipment (not including body) attached to or carried on the vehicle for use in handling or transporting cargo; * *.

"(c) *Schedule of taxable gross weights.* The following schedule of taxable gross weights, based on the sum of the weights referred to in paragraph (a) of this section, is hereby prescribed:

"*Use Tax Schedule*

"Taxable Gross Weight (in pounds)

"1. Single units:
2 axled truck equipped for use as a single unit with actual unloaded weight of 13,000 pounds or more........ 27,000 * * *".

Taxpayer argues that by classifying highway motor vehicles according to the number of axles and unloaded weight, the Treasury Department has, in effect, enacted a new type of tax. We are of the opinion that the reference to 2 axled trucks has not changed the provisions of the Code in any way. It is merely a method by which the Commissioner has seen fit to "type" the vehicles which ultimately would come under the statute. As will be pointed out later, the basis of the Commissioner's determination was still "actual unloaded weight" plus customary maximum load carried. It is our conclusion that the regulations in question are not in conflict with Section 4482 of the Code, and to this extent we hold that they are not in violation of any constitutional prohibition and hence, they are valid.

Taxpayer further contends that the regulations are arbitrary and capricious as applied to it because in determining the schedule, the Commissioner has completely disregarded the maximum load customarily carried on highway motor vehicles owned and operated by *plaintiff*. Taxpayer, by way of affidavit, has stated that the maximum weight customarily carried by any of its vehicles, together with the actual unloaded weight of any of said vehicles, is substantially less than 26,000 pounds.

There are two reasons why, we believe, plaintiff's argument lacks validity. First, we must remember that this is a tax based not on *actual weight* of any particular vehicle but rather on the *use* of certain vehicles according to their *"taxable gross weight."* And since "taxable gross weight" is not dependent on actual total weight, taxpayer's assertion that it *actually* carries less than 26,-000 pounds is immaterial. Secondly, as we read the statute, we fail to see any direction therein requiring the Commissioner to give recognition in his regulations to the fact that any particular vehicle might carry less than 26,000 pounds. As a matter of fact, the use of the phrase "customarily carried on highway motor vehicles of the same type," implies that Congress was aware of the fact that there are vehicles of the same type which carry less than the norm.

The classifications adopted by the Commissioner were based on many factors and types of evidence, including, but not limited to:

(a) Data submitted by various trucking groups.

(b) Bureau of Public Roads loadometer weight studies.

(c) Field data of Burea of Public Roads obtained by interviewing carriers.

(d) Manufacturer's specifications, particularly gross vehicle weight ratings, and chassis weights.

(e) State weight limits.

(f) Technical knowledge of officials of the Bureau of Public Roads.

(g) Public hearings.[1]

From the above information, the Commissioner determined that highway motor vehicles having an actual unloaded weight of 13,000 pounds, customarily carry maximum weight loads of 14,000 pounds, or a total of "taxable gross

---

1. Affidavit of Carl Saal, Chief, Vehicles Operations Branch, Division of Highway Transport, Bureau of Public Roads, United States Department of Commerce.

weight" of 27,000 pounds. Taxpayer apparently has not questioned the fact of 14,000 pounds being *customarily* carried by vehicles of the type having an actual unloaded weight of 13,000 pounds. Since this matter was considered by the Commissioner in arriving at his classification, we need not go further than to say that it appears to be reasonable. As a matter of fact, we could say no more on the basis of the record before us.

Since the tax levied by Congress was upon the *use* of the highways by motor vehicles according to a customary maximum weight, as opposed to a tax on actual weight, we are of the opinion that the regulations are reasonable and are not arbitrary and capricious as to the plaintiff.

■ Taxpayer argues that since its trucks are registered with the authorities of Pennsylvania and New York as having gross weights of 26,000 pounds or less, the regulations impute that plaintiff has repeatedly violated the laws of these States. Again, we must call attention to the fact that the tax was not intended to be imposed on actual weights. Plaintiff does not argue, nor could it do so, that the 13,000 actual unloaded pounds classification imputes these violations, but it contends that the total figure of 27,000 pounds does so. Since the latter figure is not based entirely on actual weight, but is a combination of actual and customary weights, the regulation has not assumed that the taxpayer is *actually* violating the State laws.

Since the Code and regulations have used standards different from those employed by the State statutes in determining gross weight, and since gross weight under the State law is not tantamount to "taxable gross weight" under the Code, the two cannot be set against each other to impute the violations.

Plaintiff has cited Republic Oil Refining Co. v. Granger, 3 Cir., 1952, 198 F. 2d 161, as authority for the proposition that State law can be resorted to when interpreting whether a taxpayer comes within the scope of a Federal excise tax. That case would not be applicable here. In Republic, the question before the Court was whether or not certain easements were part of the "premises" of the taxpayer. Since "premises" was a term which could be interpreted by resorting to State law, the Court of Appeals concluded that State law, although not controlling, was relevant.[2] The instant case differs from Republic insofar as the State standards for registering and the Federal standards for taxing are actually different. The State law, having no effect in determining what Congress meant by "taxable gross weight," cannot have any effect in determining the validity of the statutory definition or its interpretation by the regulations.

■ Plaintiff also contends that since its vehicles always carry a gross weight of less than 26,000 pounds, it was exempt from the statute under Section 4481(a). This argument can be answered summarily by stating that the exemption under Section 4481(a) refers to vehicles having a *"taxable gross weight"* of less than 26,000 pounds. In view of what has been previously stated, no more need be said.

■ Taxpayer finally suggests that the use tax schedule of the regulations in question is in violation of the "due process" clause of the Fifth Amendment to the Federal Constitution in that it conclusively presumes that the taxpayer's vehicles have a taxable gross weight of 27,000 pounds. We believe that all parties will agree that the schedule "conclusively presumes" that plaintiff's vehicles have a "taxable gross weight" of 27,000 pounds. But we fail to see where

2. The District Court stated: "Under these circumstances the definition of the term 'premises' is *dependent* upon the local law—the law of Texas—as it is well settled that the local rule be followed whenever the application of a Federal revenue statute is dependent upon a fact which can be interpreted *only* in accordance with the state rules of property." (Emphasis supplied.) D.C.W.D.Pa.1951, 98 F.Supp. 921, 930.

in this "presumption" violates taxpayer's constitutional rights. Since the tax is based on the *use* of public highways by certain vehicles and not on the vehicles' actual weights, the "presumption" is harmless. Perhaps the term "taxable gross weight" in the statute was a poor choice. It certainly has been unfortunate—at least so far as this case is concerned. However, there can be no question as to the Congressional intent. The *actual* weights of particular vehicles were never contemplated as a basis for the tax. The maximum weight load *customarily* carried on vehicles of the same type is, in our opinion, a reasonable classification.

Plaintiff's motion for summary judgment is denied. Although defendant has not formally moved for summary judgment, we are of opinion that no genuine issue of material fact need be tried. Therefore, summary judgment will be entered for defendant. 6 Moore, Federal Practice, par. 56.12.