**ATLAS TRANSPORTATION COMPANY,**

v.

**UNITED STATES of America.**

**No. 12725.**

United States Court of Appeals
Third Circuit.

Argued Jan. 9, 1959.

Decided Feb. 12, 1959.

Clifford J. Hynning, Jr., Washington, D. C. (Allen S. Olmsted, II, Saul, Ewing, Remick & Saul, Philadelphia, Pa., on the brief), for appellant.

James P. Turner, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, Attorneys Department of Justice, Washington, D. C., Harold K. Wood, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before BIGGS, Chief Judge, and GOODRICH and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

This case involves the application of the federal highway use tax for the period July 1, 1956 to June 30, 1957. Plaintiff taxpayer, the appellant here, paid the tax of $202.50 and now seeks to get the money back because it says the tax was improperly collected. The amount involved is small but the point of law involved is important to it and others similarly situated. The case presents no disputed question of fact. The taxpayer appeals from summary judgment in favor of the Government.[1]

The statute involved imposes a tax on the use of highways by a vehicle of a "taxable gross weight" of more than 26,000 pounds.[2] The term "taxable gross weight" is a new one and is defined in section 4482 so far as this case is concerned as the sum of "(1) The actual unloaded weight of—(A) such * * * vehicle fully equipped for service * * * and (2) the weight of the maximum load customarily carried on * * * vehicles of the same type * * * ."[3] The statute goes on to say the taxable gross weight shall be determined under regulations prescribed by the Secretary, "* * * which regulations may include formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise."[4]

---

1. The opinion of the district court is reported at D.C.E.D.Pa.1958, 165 F.Supp. 392.

2. Int.Rev.Code of 1954, as amended 70 Stat. 390 (1956), 26 U.S.C. § 4481(a) (Supp. V, 1958).

3. Int.Rev.Code of 1954, as amended 70 Stat. 390 (1956), 26 U.S.C. § 4482(b) (Supp. V, 1958).

4. Ibid.

The taxpayer does not quarrel with the statute. Instead, it disputes the validity of the regulations drawn up pursuant to the statutory authority. These regulations, it is claimed, establish a different basis of taxation than that contained in the statute. The argument proceeds further that the regulations are arbitrary as applied to this taxpayer, in that they bear no relation to the weight of the vehicle the use of which is taxed and they provide a conclusive presumption contrary to actual fact, and are, therefore, unconstitutional.

The pertinent regulation divides highway motor vehicles into three primary classifications, namely, single units, combinations and buses.[5] The single unit is the only one which concerns us here.[6] Single units are in turn divided into three species. The first is a two-axled truck equipped for use as a single unit with an actual unloaded weight of 13,000 pounds or more. The other two classifications are for three- and four-axled trucks.[7] They are not in our picture here except as reference to the method of classification shows the general plan. Under these regulations a two-axled truck with an actual unloaded weight of at least 13,000 pounds is given a taxable gross weight of 27,000 pounds, bringing it into the group of vehicles subject to taxation.

The taxpayer says that this will not do. It points out that its business, that of furniture moving, has a truck with a cubic foot capacity which is high but that the load weight per cubic foot is much less than in many other kinds of commercial traffic. It shows that under the interstate commerce constructive weight load its moving vans range from 20,730 pounds to 23,830 pounds, far below the 26,000 pounds where the incidence of the tax begins.

While reference to the interstate commerce weight classification is interesting and mandatory with respect to rates and other matters under the control

---

5. Treas.Reg. § 41.4482(b)–1(c) (1956). *"Schedule of taxable gross weights.* The following schedule of taxable gross weights * * * is hereby prescribed:

"Use Tax Schedule

| | Taxable gross weight (in pounds) |
|---|---|
| "1. Single Units | |
| 2 axled truck equipped for use as a single unit with actual unloaded weight of 13,000 pounds or more | 27,000 |
| 3 or 4 axled truck equipped for use as a single unit with actual unloaded weight of at least 13,000 pounds and less than 16,000 pounds .... | 30,000 |
| 3 or 4 axled truck equipped for use as a single unit with actual unloaded weight of 16,000 pounds or more | 40,000 |
| "2. Combinations | |
| * * * | |
| "3. Buses | |
| * * * | |

"Any highway motor vehicle which falls in one of the categories shown in such schedule shall be considered, for purposes of the regulations in this part, to have the taxable gross weight assigned to such category. Any highway motor vehicle which does not fall in one of the categories shown in such schedule shall be considered, for purposes of the regulations in this part, to have a taxable gross weight of 26,000 pounds or less."

6. Three of the seven classes of trailers ("combinations") specified in the regulations were challenged in the Court of Claims and have been sustained. North American Van Lines, Inc. v. United States, Ct.Cl.1959, 169 F.Supp. 252.

7. See note 5 supra.

of the Interstate Commerce Commission, it does not bind the Treasury in the imposition of this tax. Cf. Old Colony R. Co. v. Commissioner, 1932, 284 U.S. 552, 562, 52 S.Ct. 211, 76 L.Ed. 484.

There is other evidence, however, which can be taken from the affidavit of Mr. Carl Saal, Chief, Vehicles Operations Branch, Division of Highway Transport, Bureau of Public Roads, which bears on the reasonableness of the classification. Mr. Saal's affidavit says "That the shipping densities of general cargo vary approximately from 10 to 50 pounds per cubic foot. That the customary weight of household goods is less than 10 pounds per cubic foot." The affidavit also states that in developing the taxable gross weight schedule used in the regulations "no attempt was made to distinguish between the various types of goods capable of being hauled by each particular type and weight of power unit, but that figures used represented the normal maximum loads carried by all vehicles of the particular unloaded weight and type."

Suppose that it be assumed, for the purpose of discussion, that the weight of the plaintiff's trucks when loaded with household goods will run less than 27,000 pounds. Does that fact make the classification unreasonable or arbitrary? The taxpayer, itself, admits that a certain amount of averaging is permissible. In fact, a reading of the statutory definition of "taxable gross weight," [8] reveals not only that averaging is permitted, but that it is required.

The affidavit of Mr. Saal, which is taken as accurate in these proceedings, declares that in promulgating the regulations many factors and many types of evidence were considered. Among these are: "(a) Data submitted by various trucking groups. (b) Bureau of Public Roads loadmeter weight studies. (c) Field data of the Bureau of Public Roads obtained by interviewing carriers. (d) Manufacturers' specifications, particularly gross vehicle weight ratings, and chassis weights. (e) State weight limits. (f) Technical knowledge of officials of the Bureau of Public Roads." Further, his affidavit states "That in the United States trucking industry as a whole a two-axle van equipped for use as a single unit and having an actual unloaded weight of 13,000 pounds or more customarily has a loaded maximum weight of 27,000 pounds."

■ The significance of this statement is to show that the classifications were not reached in solitary armchair speculation. Further, there is great practical advantage both for the taxpayer and the taxing authorities in having a classification which is understandable and easy to apply. If that result is to be achieved it is obvious that no one taxpayer can insist that a classification shall be made to fit precisely each of his vehicles or even his vehicles as a group. There are other carriers of goods who use trucks with enormous bodies for carrying lightweight goods. Pretzel carrying trucks are seen on the streets of Philadelphia every day. While there are no figures available, one may take judical notice that pretzels weigh less than household goods per unit of size. Can pretzel truck owners insist on a separate classification for themselves?

■■ A regulation to be valid does not have to be the only way to classify in the administration of tax law. It can be agreed that there are other methods which might have been adopted here. What must be balanced is the advantage of convenience in assessment and collection with admitted inaccuracies in some individual instances. The method adopted by the Treasury seems to us an intelligent balance of the accurate and the practical in accord with the Congressional intent.

The taxpayer's argument that the regulations provide a conclusive presumption contrary to actual fact, citing Schlesinger v. State of Wisconsin, 1926,

8. See text at note 3 supra.

270 U.S. 230, 46 S.Ct. 260, 70 L.Ed. 557, and Heiner v. Donnan, 1932, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772, is not accurate. The regulation does not conclusively presume that taxpayer's trucks weigh 27,000 pounds each. It may well grant that on some, perhaps many occasions, they may weigh less. Instead, the regulation puts the trucks into a classification and subjects them to taxation as if they did weigh 27,000 pounds. The criterion is not weight in pounds as scales would show it, but the application of the legislative concept "taxable gross weight," which is not the same thing at all. If the classification is not unreasonable, the tax is good. No conclusive presumption of facts is involved.

The judgment of the district court will be affirmed.