**NORTHERN STATES POWER COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 3–79–382.

United States District Court,
D. Minnesota,
Third Division.

Jan. 9, 1981.

James W. Littlefield, Briggs & Morgan, St. Paul, Minn., for plaintiff.

Allan B. Goldstein, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

DIANA E. MURPHY, District Judge.

In this action plaintiff Northern States Power Company seeks a refund from defendant United States of $108,231, plus interest, paid to satisfy highway motor vehicle use tax assessments for the taxable years ending June 30, 1973 through June 30, 1978. The Internal Revenue Service [IRS] based the assessments on plaintiff's undisputed ownership of utility trucks equipped with pintle hooks suitable for towing trailers having a gross vehicle weight in excess of 6,000 pounds and its ownership of such trailers. Plaintiff paid the assessed taxes and filed a claim for refund with the IRS, which was denied. This court has jurisdiction over this action for refund under 28 U.S.C. § 1346(a)(1). Defendant has filed a motion for summary judgment.

The issue presented to the court is whether the IRS may properly tax plaintiff's trucks as truck-trailer combinations, rather than as single units, without making a factual showing that the trucks are customarily used in combination with plaintiff's trailers. It is the court's opinion that it may.

Section 4481 of the Internal Revenue Code, 26 U.S.C. § 4481, imposes a tax on the "use of any highway motor vehicle which (together with the ... trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicles) has a taxable gross weight of more than 26,000 pounds." Section 4482(b) of the Code provides that "taxable gross weight shall be determined under regulations prescribed by the Secretary (which regulations may include formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise.)." Pursuant to this section Treasury Regulation 41.4482(b)–1(d), which provides a schedule of taxable gross weights for certain categories of motor vehicles, was promulgated. Any vehicle within a certain classification is deemed to have a specified gross weight regardless of its actual weight. Subsection (d)(3) classifies vehicles of a specified weight which are "equipped for use in combinations" as "truck-trailer combinations." It is within this category that the IRS has classified plaintiff's trucks.

The classification of plaintiff's trucks by the IRS is consistent with Revenue Ruling 76–294, 1976–2 Cum.Bull. 364, which concluded that a utility truck equipped with a pintle hook or similar coupling device suitable for towing a trailer with two or more axles, or a one-axle trailer with a gross vehicle weight of 6,000 pounds or more, is a vehicle "equipped for use in combinations" and is properly classified within the truck-trailer combination category.[1]

At least one federal court has dealt with the issue presented in the instant case. *Pacific Gas and Electric Co. v. United States,* No. C–79–0596–WWS (N.D.Cal.1980), held that the Secretary or his delegates need not make an evidentiary finding that the utility vehicles in question are actually customarily used with trailers in order to tax them as truck-trailer combinations, but can instead impose a tax based upon regulations keyed to certain specifications of the vehicles.

The clear language of §§ 4481 and 4482 of the Code supports defendant's taxation of plaintiff's trucks as truck-trailer combinations. Section 4481 imposes a tax on the use of any vehicle which, together with the trailers customarily used in connection with vehicles "of the same type", has a certain

---

1. An earlier Revenue Ruling, Rev.Rul. 57–547, 1957–2 Cum.Bull. 789, concluded that utility trucks equipped with coupling devices suitable for pulling pipe or pole dollies or similar lightweight trailers were not within the truck-trailer combination category. A distinction between such vehicles and the vehicles under consideration in this case was made in Rev.Rul. 76–294 on the basis of the gross vehicle weights and number of axles of the types of trailers used with the vehicles.

gross weight. The "customary use" in the statute defines the type of trailer which may be included in the weight computation for the vehicle. The statute does not specify that the trailer actually be customarily used with the taxable vehicle, but only that the trailers be of the kind customarily used with that *type* of vehicle. No evidentiary showing that a particular taxpayer's vehicles are so used is required. Section 4482 allows the Secretary to prescribe regulations to determine the gross weight of a vehicle. That determination obviously includes a decision whether to classify a vehicle as the type customarily used in combination with trailers. Pursuant to § 4482 Treasury Regulation 41.4482(b)–1(d) was prescribed, classifying vehicles "equipped for use in combinations" in the gross weight category for truck-trailer combinations. Because plaintiff's vehicles are so equipped, they were properly taxed within that category.[2]

This result is further supported by the principle that assessment of taxes should not be unduly burdensome for the taxing authority. This principle was relied upon in both *Atlas Transportation Co. v. United States*, 263 F.2d 573 (3d Cir. 1959), *cert. denied*, 360 U.S. 918, 79 S.Ct. 1437, 3 L.Ed.2d 1534 (1959), and *North American Van Lines v. United States*, 169 F.Supp. 252 (Ct.Cl.1959), *cert. denied*, 359 U.S. 1011, 79 S.Ct. 1148, 3 L.Ed.2d 1036 (1959). In both cases the plaintiffs attacked the validity of Treas.Reg. 41.4482(b)–1 because the actual weight of their equipment and the loads they carried were allegedly less than the

weight attributed to them under the regulation's classification scheme. In both decisions the courts focused upon the practicality and convenience of assessing the tax. For example, the *Atlas Transportation* court noted that

> there is a great practical advantage both for the taxpayer and the taxing authority in having a classification which is understandable and easy to apply. If that result is to be achieved it is obvious that no one taxpayer can insist that a classification shall be made to fit precisely each of his vehicles or even his vehicles as a group. 263 F.2d at 576.

This principle applies in the present case. If, as plaintiff suggests, the IRS were required to make a factual showing that all a taxpayer's vehicles were actually customarily used in combination with trailers, the collection of the tax would be extremely burdensome, if not impossible. To avoid this burdensome situation the Secretary properly exercised his authority to classify trucks such as those owned by plaintiff as the type customarily used in combinations.[3]

Because there are no material facts in dispute and because the defendant is entitled to judgment as a matter of law, summary judgment is proper in this case.

---

**2.** Plaintiff argues that Treasury Regulation 41.-4481(b)–1(d) incorporates a customary use standard, or, that if it does not, the regulation is inconsistent with § 4481 and is therefore invalid. This argument ignores the discretion given to the Secretary in § 4482 to determine vehicles' gross weights by employing specifications or classes. The Secretary's use of the "equipped for use with" classification to determine the proper tax to be assessed for vehicles of the type owned by plaintiff was not inconsistent with this statutory provision.

Plaintiff also argues that even the IRS itself has employed a customary use standard in its Revenue Rulings. This standard was, however, employed in those rulings to determine whether a certain *type* of vehicle should be classified

as a truck-trailer combination. There is no indication in the Revenue Rulings that the customary use standard should be applied separately to each vehicle owned by a taxpayer. *See e. g.* Rev.Ruls. 76–558, 76–294, and 74–539.

**3.** Plaintiff contends that the absence of any study relevant to industry practices concerning use of utility trucks with trailers "creates serious doubt concerning the rationality" of this classification. This contention is without merit. In § 4482(b) Congress clearly gave the Secretary the discretion to use classifications to determine gross vehicle weights and did not require the Secretary to make a formal study before that discretion was exercised.