NORTHERN STATES POWER COMPANY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 81–1273.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1981.

Decided Nov. 4, 1981.

* The Honorable Ronald N. Davies, United States Senior District Judge for the District of North Dakota, sitting by designation.

James W. Littlefield, Steven Z. Kaplan (argued), Briggs & Morgan, P. A., Saint Paul, Minn., for appellant.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, William A. Friedlander, Melvin E. Clark, Jr. (argued), Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Thomas K. Berg, U. S. Atty., Donald F. Paar, Asst. U. S. Atty., Minneapolis, Minn., of counsel.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HUNTER,* Senior District Judge.

---

* Elmo B. Hunter, Senior District Judge, Western District of Missouri, sitting by designation.

1. Section 4481 provides in relevant part:

    A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds, at the rate of $3.00 a year for each 1,000 pounds of taxable gross weight or fraction thereof.

    Section 4482 defines "taxable gross weight" as follows:

    For purposes of this subchapter, the term "taxable gross weight" when used with respect to any highway motor vehicle, means the sum of—

    (1) the actual unloaded weight of—

**LAY, Chief Judge.**

Northern States Power Company filed suit in the district court for a refund of $108,231 paid in highway motor vehicle use tax assessments for the years 1972 through 1978. It challenged the Internal Revenue Service's assessment of approximately 500 utility trucks owned by it as tractor-trailer combinations rather than as single units. Northern claimed that its trucks should have been assessed as single units even though they are equipped for towing trailers. The district court concluded that under sections 4481 and 4482 of the Internal Revenue Code [1] vehicles which are equipped for use in truck-trailer combinations meet the truck-trailer classification under the statute. The court granted the government's motion for summary judgment and dismissed Northern's complaint. 503 F.Supp. 1182. This appeal followed. On appeal Northern argues that the district court misconstrued the "customarily used in connection with" requirement found in section 4482(b) of the Code. It urges that the district court in granting summary judgment incorrectly focused on the fact that its trucks were equipped with pintle hooks for towing trailers rather than requiring the government to show that the trucks were customarily used for that purpose. We disagree.

Summary judgment is appropriate only where it is clear from the record that there exists no genuine issue as to any material fact and that the moving party is entitled

    (A) such highway motor vehicle fully equipped for service, and
    (B) the semitrailers and trailers (fully equipped for service) *customarily used in connection with highway motor vehicles* of the same type as such highway motor vehicle, and
    (2) the weight of the maximum load customarily carried on highway motor vehicles of the same type as such highway motor vehicle and on the semitrailers and trailers referred to in paragraph (1)(B).
    Taxable gross weight shall be determined under regulations prescribed by the Secretary or his delegate (which regulations may include formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise).
    (Emphasis added.)

to judgment as a matter of law. As we have often noted it is an extreme remedy, not to be granted unless the movant has established his right to judgment so as to leave no room for controversy and only if the other party is not entitled to judgment under any circumstances. *Unlaub Co. v. Sexton*, 568 F.2d 72, 76 (8th Cir. 1977). However, even under these strict guidelines, we conclude that the district court was correct in granting the government's motion here. There exists no genuine issue of fact and the IRS assessment of the vehicles as tractor-trailer combinations is consistent with language of sections 4481 and 4482 of the Code and their corresponding regulations. Accordingly, we affirm on the basis of the district court's opinion. See Eighth Circuit Rule 14.