**NORTHERN ILLINOIS GAS COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 80 C 3873.

United States District Court, N.D. Illinois, E.D.

Jan. 13, 1983.

Edward C. Rustigan, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

D. Patrick Mullarkey, U.S. Dept. of Justice, Tax Div., Washington, D.C., Lawrence C. Letkewicz, Esq., Internal Revenue Service, Chicago, Ill., T. Kazan Ray, U.S. Dept. of Justice, Tax Division, Washington, D.C., Dan K. Webb, U.S. Atty. by Steven A. Miller, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM

BUA, District Judge.

The instant matter was brought by plaintiff, Northern Illinois Gas Company (Ni-Gas), for a refund in the amount of $483 in taxes paid. Defendant has countersued for $93,205.25 plus interest which it claims is still owing for tax assessments made against plaintiff on August 30, 1977.

This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1346(a)(1) and (c).

The issue in this case revolves around the validity of certain Treasury Regulations and Revenue Rulings which resulted in the plaintiff being taxed, pursuant to 26 U.S.C. § 4481(a), at a higher rate than it contends is appropriate. Under Revenue Ruling 76–294, trucks which are "equipped for use in combinations" with twin-axle trailers or with single-axle trailers which weigh in excess of 6,000 pounds are taxed at a higher rate than trucks which tow single-axle trailers weighing less than 6,000 pounds. Plaintiff contends that such a ruling is invalid insofar as it ignores the "customary use" standard set out in 26 U.S.C. §§ 4481 and 4482(b)(1) which, it is argued, require the taxing body to consider not whether the trucks are merely equipped for the heavier duty use, but whether such vehicles are actually used in such a manner.

## FINDINGS OF FACT[1]

1. Plaintiff is a utility company incorporated in Illinois and has its principal place of business in Aurora, Illinois.

2. During the years July 1, 1971 to June 30, 1972, July 1, 1972 to June 30, 1973, and July 1, 1973 to June 30, 1974, plaintiff used certain highway motor vehicles, namely, two-axled utility trucks having an unloaded weight of 10,100 pounds, for transporting personnel, tools, and equipment in connection with its maintenance or installation of public utility property.

3. These trucks were equipped with a coupling device, known as a "pintle hook," for pulling a trailer with two or more axles or a one-axled trailer with a gross vehicle weight of 6,000 pounds or more.[2]

---

[1] To the extent that any of the findings of fact included herein are deemed to be conclusions of law, they are hereby adopted as conclusions of law. To the extent that any of the conclusions of law included herein are deemed to be findings of fact, they are hereby adopted as findings of fact.

[2] The plaintiff owns 178 trailers, all of which have double axles and are considered "heavy" trailers taxable as used in combinations under

4. Plaintiff filed Federal Highway Use Tax Returns (Form 2290) for the years in question. An audit of these returns resulted in assessments in the sum of $93,684.28 being made against plaintiff on August 30, 1977 due to a determination that the trucks in question were "equipped for use in combinations" and thus were taxable under 26 U.S.C. § 4481(a).

5. Notice of the assessments and demand for payment thereof were duly given to plaintiff.

6. In September, 1977, plaintiff paid a portion of the amount ($483.03), then filed a Claim for Refund (Form 843).

7. After being advised that its claim would be disallowed, plaintiff filed a Waiver of Notice of Claim Disallowance (Form 2297) and subsequently instituted this action.

8. Defendant denies that plaintiff is entitled to a refund and has counterclaimed for the balance of the amount assessed against it ($93,204.25), plus interest thereon.

## CONCLUSIONS OF LAW

The issue central to the case at bar is whether the Secretary of the Treasury has the power to issue a Regulation which imposes the 26 U.S.C. § 4481 tax upon vehicles which are merely equipped to tow so-called heavy trailers in lieu of a specific factual finding concerning the actual use of such vehicles. Correspondingly, the Revenue Rulings under which such tax has been imposed following the "equipped for use" standard are also here challenged. *See,*

e.g., Revenue Ruling 76–294, 1976–2 Cum. Bull. 364.

The issue here at bar has been squarely dealt with in two instances with conflicting results. In *Pacific Gas and Electric Co. v. United States,* 664 F.2d 1133 (9th Cir.1981), the Court held that the statute and the regulations make it clear that trailers are only to be included in the gross taxable weight of such a truck if the trailer is actually customarily used with the vehicle. Consistent therewith, the Court required that a finding of fact be made as to the actual use of the vehicle.

By contrast, the Eighth Circuit has held that no factual determination is required. In *Northern States Power Co. v. United States,* 663 F.2d 55 (8th Cir.1981), the Court of Appeals adopted the opinion of the district court which had held that promulgation of the "equipped for use" standard in the Treasury Regulations and in the Revenue Rulings was within the discretion specifically given to the Secretary of the Treasury in the statute. Accordingly, under this standard, no factual determination need be made. *Northern States Power, supra, aff'g.* 503 F.Supp. 1182 (D.Minn.1981).

The Court concedes that determination of which is the better rule is a difficult task. Although both rules are certainly logical and rational, this Court is of the opinion that, in light of the discretion given to the Secretary of the Treasury and in view of necessary administrative ease, the rule adopted by the Eighth Circuit is preferable and is hereby adopted by this Court.

the statute. All such trailers weigh in excess of 6,000 pounds. However, this weight is immaterial as all trailers with more than one axle are deemed taxable as heavy trailers under Revenue Ruling 76–294. Plaintiff does not challenge the Ruling insofar as the tax under 26 U.S.C. § 4481 is imposed on vehicles customarily used in combination with single-axle trailers weighing in excess of 6,000 pounds or with trailers with two or more axles.

Otherwise irrelevant evidence received in the instant case reveals that plaintiff makes frequent (if not customary) use of the "heavy" trailers taxable under the Regulations and the Revenue Ruling in connection with the taxed vehicles. The number of trucks used with heavy trailers and the percentage of time each truck was put to such use is set out as follows:

| Type of Truck | Total Number | 0% | 1–10% | 10–25% | 25–50% | 50–75% | 75%–100% |
|---|---|---|---|---|---|---|---|
| Street Truck | 192 | 26 | 16 | 7 | 13 | 13 | 117 |
| Dump Truck | 55 | 19 | 29 | 1 | 4 | 0 | 2 |

■ The statutory scheme in question delegates to the Secretary of the Treasury the power to determine, through regulations, the taxable gross weight of a vehicle through the use of "formulas or other methods." Such methods may be used to determine the taxable weights by classes, specifications, or otherwise. 26 U.S.C. 4482(b). Pursuant to this authorization, Treasury Regulation 41.4482(b)–1(d)3 was promulgated under which vehicles "equipped for use in combinations" are taxable under 26 U.S.C. § 4481. Revenue Ruling 76–294 is in accord with this Regulation.

■ The Treasury Regulation and the Revenue Ruling are not in conflict with the statute. As the District Court noted in *Northern States Power:*

> The "customary use" (language used) in the statute defines the type of trailer which may be included in the weight computation for the vehicle. The statute does not specify that the trailer actually be customarily used with the taxable vehicle, but only that the trailers be of the kind customarily used with that *type* of vehicle. No evidentiary showing that a particular taxpayer's vehicles are so used is required. Section 4482 allows the Secretary to prescribe regulations to determine the gross weight of a vehicle. That determination obviously includes a decision whether to classify a vehicle as the type customarily used in combination with trailers.

503 F.Supp. at 1183–84. The classification that the trailers were used with the type of vehicle owned by Ni-Gas was properly made in the case at bar. No other factual determination was required.

The opinion of the Ninth Circuit in *Pacific Gas and Electric Co. v. United States,* 664 F.2d 1133 (9th Cir.1981) held that the classification of a vehicle as a "truck trailer" combination merely because the vehicle is "equipped for use in combination" with trailers was inconsistent with the language of the statute and the intent of Congress. However, viewed in light of the language of the statute as noted in the opinion of the District Court in *Northern States Power,*

this Court does not concur in that conclusion. As noted, the "customary use" language is only for limited application. More important is the determination that the vehicle is of the general *type* used in combination. Once that determination has been made, as it was in the case at bar, actual or customary use is immaterial.

The Ninth Circuit's opinion is further flawed in that it ignores the broad discretion clearly given to the Secretary of the Treasury in the statute. Of necessity, the entity charged with the administration of a statutory scheme such as that before the Court must be given broad discretion so that the scheme may be properly effectuated. To require, as plaintiff seeks, that a factual determination be made as to the actual use of each vehicle of each potential taxpayer would prove a costly and onerous burden and would undermine the very rationale for the statutory delegation of authority to the Secretary of the Treasury. The rule of the Ninth Circuit clearly invades this statutory province.

In light of the foregoing, the Court cannot concur that the agency's interpretation supersedes the language chosen by Congress in the passage of the statute. *See, Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Such interpretation, in the opinion of this Court, merely carries into effect the will of Congress as expressed by the statute.

### Conclusion

Under 26 U.S.C. § 4481 and the Treasury Regulations promulgated thereunder, the defendant has properly assessed the plaintiff's tax liability for the years in question. Judgment is therefore entered in favor of defendant on the counterclaim in the amount of $93,204.25. Because the issues in this case are not entirely without merit, the request for interest and costs is denied. The Complaint of the plaintiff is hereby dismissed with prejudice.

IT IS SO ORDERED.