**NORTHERN ILLINOIS GAS COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 80 C 3873.

United States District Court, N.D. Illinois, E.D.

April 21, 1983.

Fred Ackerson, Edward C. Rustigan, Mayer, Brown & Platt, Chicago, Ill., for plaintiff.

Dan K. Webb, U.S. Atty. by Steven A. Miller, Asst. U.S. Atty., Chicago, Ill., T. Kazan Ray, Trial Atty., Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is the plaintiff's Motion For Reconsideration and Amendment of this Court's January 13, 1983 judgment. Also before the Court is the defendant's Motion to Alter or Amend the judgment. For the reasons stated herein, plaintiff's Motion to Reconsider is denied and the January 13, 1983 judgment is amended 554 F.Supp. 371 as stated in this Order.

A. Plaintiff, in support of its Motion to Reconsider argues that the recently enacted Highway Revenue Act of 1982 (the Act), effective July 1, 1984, inherently rejects the position taken by this Court in its January 13, 1983 judgment. It contends that the specific clauses adopting the position of the Court were included to represent a *change* in prior law.[1] The Court does not concur in this reading of the statute.

As noted by defendant, in explaining the provisions of the Act, Congress stated that it modifies current law by (1) raising the highest taxable gross weight of a vehicle not subject to tax from 26,000 pounds to 33,000 pounds, (2) changing the rate of tax from a flat amount per 1,000 pounds to a graduated amount, (3) exempting from the tax a vehicle that is used on the public highways less than 2,500 miles during a taxable period and (4) terminating the tax as of October 1, 1988. H.Rep. No. 97–945, 97th Cong., 2d Sess. at pp. 17–18. Congress made *no statement to the effect that the provision classifying vehicles according to the manner in which they are equipped represents a change in the law.* What Congress did say is that "the bill *makes it clear*" that the vehicles shall be classified in such a manner. *Id.* The meaning of "customary use" is specifically not among the modifications enacted; *instead, it is the opinion of the Court that by specifically including the section of the Act relating to customary use, Congress merely sought to clarify what was an ambiguity which had formed the basis of this and other litigation.*

Plaintiff, in support of its argument, cites the Internal Revenue Service General Counsel's Memorandum (GCM) issued February 16, 1983 which summarizes the position of the General Counsel contained in prior GCMs as requiring that a factual determination must be made before a determination of customary use can be issued. Plaintiff's reliance on the GCM is misplaced in two regards. First, a GCM is merely an internal memorandum not accorded the force of law. Additionally, there is nothing in the legislative record which indicates that Congress was even aware of the GCMs which adopt plaintiff's position. Further, the February 16, 1983 GCM states that,

> Even though section 513(c) of the 1982 Act (the Customary Use section) was not made retroactive, the use of the word

---

1. Specifically, the new statute reads:

   "(5) CUSTOMARY USE. A semi-trailer or trailer shall be treated as customarily used in connection with a highway motor vehicle if such vehicle is equipped to tow such semi-trailer or trailer."

   26 U.S.C. § 4482(c)(5).

"clarification" in the provision, and the Committee Report language, suggest that the equipped-for-use test the section prescribes is a correct interpretation of *present law.* Thus, our prior interpretation of present law, as set forth in the GCMs was in error.

I.R.S. Positions Reports (CCH) ¶ 1164 (Feb. 16, 1983).

From the above, it is clear that the General Counsel's position is that present law, which is the same as that affecting the case at bar, imposes the equipped-for-use standard as adopted by this Court in its January 13, 1983 order and by the Eighth Circuit in *Northern States Power Co. v. United States,* 663 F.2d 55 (8th Cir.1981). As the equipped-for-use standard is the appropriate test under both existing law and the Act as effective July 1, 1984, plaintiff's Motion for Reconsideration and Amendment must be denied.

■ B. Defendant has moved this Court to amend its January 13, 1983 judgment to include interest on the unpaid taxes owed. The Court hereby orders that the judgment be so amended.

Under 26 U.S.C. § 6601(a), interest on unpaid taxes shall be paid at a rate of interest established under 26 U.S.C. § 6621. Additionally, 28 U.S.C. § 1961(a) and (c)(1) specifically provides that interest at the rate established under 26 U.S.C. § 6621 "shall" be allowed on any money judgment for federal taxes rendered in a civil case in a district court. Pursuant to these statutes, prejudgment and post-judgment interest is clearly owing in the case at bar.

### Conclusion

For the reasons stated herein, plaintiff's Motion for Reconsideration and for Amendment of judgment is denied. Defendant's Motion to Alter or Amend the judgment is granted to provide defendants with an award of interest as provided by law.

IT IS SO ORDERED.