PACIFIC GAS AND ELECTRIC COMPANY, a corporation,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–4132.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 16, 1981.

Decided Dec. 28, 1981.

Rehearing Denied April 15, 1982.

Shirley Woo, San Francisco, Cal., for plaintiff-appellant.

Melvin E. Clark, Jr., Washington, D. C., argued, for defendant-appellee; M. Carr Ferguson, Washington, D. C., on brief.

Before TANG and FERGUSON, Circuit Judges, and KELLAM *, Senior District Judge.

KELLAM, Senior District Judge:

Pacific Gas and Electric Company (Pacific) instituted this action seeking a refund of highway use taxes paid under protest for the periods September 1, 1972, through June 30, 1976. After a response by the United States, each party submitted a motion for summary judgment. Based on the presence of pintle hooks on the motor vehicles of Pacific the Internal Revenue Service determined that the taxpayer's trucks should be treated as truck-trailer combinations rather than as single unit vehicles in computing the taxable gross weight for highway tax purposes. The district court agreed and granted summary judgment.

### I.

Pacific is a public utility company providing gas and electric service to the public in parts of California. In the operation of its facilities, it utilizes various types of trucks and other equipment in the construction, operation and maintenance of its utility system. Similar type trucks are used throughout the industry, and by other persons. Certain described vehicles are subject to a tax imposed on highway motor vehicles pursuant to 26 U.S.C. § 4481. The designation and application of the classification of such vehicles is the subject of this action.

In 1957, the Internal Revenue Service decided that a utility truck designated for transportation of personnel, tools and equipment and equipped with a pintle hook would be considered a single unit for purposes of determining its taxable gross weight for Federal Highway Use Tax purposes. Revenue Ruling 57–547, 1957–2 C.B. 789. In that ruling, it was recognized that utility trucks equipped with pintle hooks sometimes pulled lightweight trailers such as pole or pipe dollies and tool or equipment trailers. Even so, such trucks were classified as single units for Highway Use Tax purposes, and such vehicles were so taxed for a number of years.

In 1976, the IRS issued Revenue Ruling 76–294, 1976–2 C.B. 364 changing and modifying the prior 1957 ruling. In the 1976 ruling, the IRS took the position that trucks used by utilities which were equipped with heavy pintle [1] hooks were to be taxed as truck-trailer combinations rather than as single units as before. The ruling provided that light trailers with gross vehicle weights below 6,000 pounds do not form a combination with a truck within the aforesaid section 4482. But trucks owned by the utility equipped with pintle hooks capable of towing trailers with gross vehicle weights of over 6,000 pounds (heavy trailer) were to be taxed as truck-trailer combinations, without regard to whether that type of truck was customarily used with heavy trailers. Heavy trailers are referred to as trailers with two or more axles, or a one axle trailer with a gross weight of 6,000 pounds or more.

Based solely on the presence of pintle hooks, IRS determined that the trucks of Pacific should be classified and taxed as truck-trailer combinations, rather than as single unit vehicles.

### II.

Section 4481(a), the section in question, imposes a tax on the use of any highway motor vehicle "which [together with the semitrailers and trailers customarily used in connection with highway motor vehicles of the same type as such highway motor vehi-

---

* The Honorable Richard B. Kellam, Senior District Judge for the Eastern District of Virginia, sitting by designation.

1. A pintle hook is a mechanism that can be attached to the back of a truck or other motor vehicle which will enable that vehicle to pull a trailer or other piece of equipment if the other piece of equipment is equipped with an eye that will go into the hook. Pacific routinely equips many of its trucks with such a hook which will pull loads of over 6,000 pounds.

cle] has a taxable gross weight of more than 26,000 pounds . . . ." 26 U.S.C. § 4481(a).[2] Section 4482(b) defines taxable gross weight thusly—

(1) the actual unloaded weight of—

(A) such highway motor vehicle fully equipped for service; and

(B) the semitrailers or trailers (fully equipped for service) customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle; and

(2) the weight of the maximum load customarily carried on highway motor vehicles of the same type . . . and on the semitrailers and trailers referred to in paragraph (1)(B).

Section 4482(b) gives the Secretary authority to determine taxable gross weight under regulations prescribed by the Secretary which may include formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise.

Pursuant to the provisions of the statute IRS established three main classifications of trucks for application of the tax—(1) single unit vehicles, (2) tractor-trailer combinations, and (3) truck-trailer combinations. 26 C.F.R. Section 41.4482(b)–1(d).

Under the regulations trucks not equipped to tow a trailer of the type that forms a combination are treated as single units. But trucks regarded as equipped for use as combinations—a truck equipped with a heavy pintle hook—are categorized as truck-trailer combination vehicles under the regulations, regardless of whether these types of vehicles are customarily used in combination with such trailers. Such interpretation is inconsistent with the unambiguous provisions of the statute. Section 4482 specifically provides that the tax will be imposed on the motor vehicle when it is one of the type customarily used in connection with a trailer or semitrailer and having the

requisite weight. Section 4481 imposes a tax on "any highway motor vehicle which [together with the semitrailers and trailers *customarily used* in connection with highway motor vehicles of the same type as such highway motor vehicle] has a taxable gross weight of more than 26,000 pounds . . . ." [Underscoring added]. The same *customary use standard* is repeated in Treasury Regulation Section 41.4482(a)–1(b) and 41.4482(b)–1(a). Section 41.4482(a)–1(b) of the Regulations provides that although trailers themselves are not highway vehicles subject to the tax, trailers and semitrailers customarily used in combination with highway trucks or truck-tractors are taken into account in determining the taxable gross weight of the truck or truck-tractor. Section 41.4482(b)–1(a) defines the taxable gross weight of a highway vehicle to include the actual unloaded weight of any one or more trailers or semitrailers (fully equipped for service) customarily used in combination with highway motor vehicles of the same type as such highway motor vehicles.

The statute and the regulations make it clear that trailers are only to be included in the gross taxable weight of the truck if that type of trailer is customarily used with such type truck. Hence, the requirement of such "customary use" set forth in the statute and the regulations requires a factual determination of whether the type trailer is customarily used in connection with a motor vehicle of the same type as the motor vehicle (truck) of Pacific, rather than an arbitrary finding that any truck equipped with a pintle hook is one customarily so used in combination. If the trailers are not customarily used with the type of truck, it is not subject to the tax. The correct interpretation of Regulation Section 41.4482(b)–1(d) must be consistent with the requirements of the statute that only those trailers which are "customarily

---

**2.** The portion of 26 U.S.C. § 4481(a) pertinent to the issue provides:

(a) Imposition of tax. A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and

trailers *customarily used in connection with highway motor vehicles of the same type as such highway motor vehicle*) has a taxable gross weight of more than 26,000 pounds . . . .

used in connection with" vehicles of the same type as the trucks of Pacific may be included in the computation of the taxable gross weight of the vehicle. Any other interpretation brings the regulation in conflict with the statute. It is clear that "regulations, in order to be valid must be consistent with the statute under which they are promulgated," *United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2151, 2156, 53 L.Ed.2d 48 (1977), and the agency's " 'interpretation' of the statute cannot supersede the language chosen by Congress." *Mohasco Corp. v. Silver*, 447 U.S. 807, 825, 100 S.Ct. 2486, 2496, 65 L.Ed.2d 532 (1980). The power of an administrative officer or agency to administer a federal statute and "to prescribe rules and regulations to that end is not the power to make law . . . but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute," and a regulation which operates to create a rule out of harmony with the statute, is a mere nullity. *Manhattan General Equipment Co. v. Commissioner of Internal Revenue*, 297 U.S. 129, 134, 56 S.Ct. 397, 409, 80 L.Ed. 528 (1936). *See also General Electric v. Gilbert*, 429 U.S. 125, 140–142, 97 S.Ct. 401, 410–411, 50 L.Ed.2d 343 (1976); *Security and Exchange Commission v. Sloan*, 436 U.S. 103, 98 S.Ct. 1702, 56 L.Ed.2d 148 (1978).

■ An interpretation of the statute or regulations which permits the Internal Revenue Service to classify a vehicle as a "truck trailer" combination merely because the vehicle is "equipped for use in combination" with trailers, such as equipped with a pintle hook, without first determining that such trailer or semitrailer is the type customarily used in combination with such vehicle is erroneous and any regulation permitting the same is contrary to the statute and therefore invalid and of no effect.

The action is REVERSED and REMANDED for a factual determination as to whether trailers and/or semitrailers are customarily used in connection with highway motor vehicles of the same type operated by Pacific.

REVERSED and REMANDED.