**PACIFIC GAS AND ELECTRIC COMPANY, a Corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–79–0596–WWS.**

United States District Court, N.D. California.

Jan. 12, 1983.

Robert Ohlbach, Daniel E. Gibson, Shirley A. Woo, Craig M. Buchsbaum, San Francisco, Cal., for plaintiff.

George L. Bevan, Jr., Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

In this action Pacific Gas & Electric Co. [PG & E] seeks the refund of highway use taxes paid under protest for the period from September 1, 1972, to June 30, 1976.

On January 18, 1980, this Court entertained cross-motions for summary judgment on the issue whether PG & E's trucks equipped with pintle hooks were properly taxable as truck-trailer combinations under 26 U.S.C. § 4481(a). That section imposes a tax "on the use of any highway motor vehicle which (together with the . . . trailers *customarily used in connection with* highway motor vehicles of the same type . . .) has a taxable gross weight of more than 26,000 pounds . . ." (emphasis added). Section 4482(b) authorizes the Secretary to prescribe regulations which include formulas for determining taxable gross weight "by classes, specifications or otherwise." Pursuant to this section the IRS promulgated regulations under which a truck *equipped* to haul a heavy trailer was taxable as a truck-trailer combination, irrespective of how often, if ever, the truck is actually used with a trailer. 26 C.F.R.

§ 41. 4482(b)—1(d). Relying on § 4482(b)'s broad delegation to the IRS, this Court found the regulations valid and granted summary judgment for the United States. *See also Northern States Power Co. v. United States,* 503 F.Supp. 1182 (D.Minn.1981), *aff'd* 663 F.2d 55 (8th Cir. 1981).

On appeal, the Ninth Circuit held that the regulations were "inconsistent with the unambiguous provisions of the statute," *Pacific Gas & Electric Co. v. United States,* 664 F.2d 1133, 1135 (1981), insofar as the statute requires that trailers be "customarily used" with vehicles of the same type as the trucks of PG & E before they can be included in the computation of gross taxable weight. The Court of Appeals therefore reversed and remanded for a "factual determination as to whether trailers ... are customarily used in connection with highway motor vehicles of the same type operated" by PG & E. *Id.* at 1136.

The Ninth Circuit's opinion leaves two questions of law unanswered: (1) What is a "type" of truck? (2) What is "customary" use?

■ 1. *Truck types.* Although the parties propose to classify trucks in different ways, they agree that the appropriate focus is not on the industry-wide use of trucks but rather on the use of trucks by PG & E alone.

PG & E maintains that trucks should be typified by the uses to which they are put; it thus distinguishes "aerial lift" trucks from dump trucks, water tank trucks from cable stringing trucks, and so forth. The government contends that PG & E's trucks should be typified by the weight categories set forth in the use tax schedules themselves, 26 C.F.R. § 41.4482(b)—1(d). PG & E's method is in accord with the approach taken by the IRS in its Revenue Rulings.

*See, e.g.,* 1978–1 C.B. 365 (flatbed trucks); 1976–2 C.B. 364 (utility trucks); 1974–2 C.B. 376 (dump trucks and grain trucks). In any event, the government's proposed method is manifestly ill-suited for the purpose of assessing highway tax liability. Vehicles of similar weight may be used in highly dissimilar ways; it makes little sense, in considering "customary use," to emphasize a feature unrelated to use except perhaps in the most tangential way. The Court therefore accepts PG & E's typology.

■ 2. *Customary use.* PG & E argues simply that a heavy trailer is "customarily" used with a truck if it is used more often than not. The Court interprets that term as meaning more than fifty percent of the time.[1] The government asserts that "frequency of trailer usage is immaterial," and that PG & E's "customary use [is] whatever PG & E in fact does."

The government's position is untenable. It reduces the statutory language to a tautology, with the effect that a taxpayer who hauls a trailer once a year would have to pay the same tax as one who always hauls a trailer, for the reason that he "customarily" hauls the trailer but once. To adopt such a definition of customary use would be inconsistent with the mandate of the Ninth Circuit to avoid "arbitrary finding[s]" of custom. 664 F.2d at 1135. In the absence of a better suggestion, the Court adopts PG & E's interpretation of the statutory language.

■ It remains only to determine which of PG & E's thirteen types of trucks are more often than not used to haul heavy trailers. PG & E has submitted affidavits indicating which types of trucks are used in combination with heavy trailers for what proportion of their operating time.[2] The government offers nothing in rebuttal. Based on the affidavits, the Court finds

---

1. PG & E has used calendar days of use as the criteria for measurement. Although other units of measurement (such as hours or miles) are theoretically available, the government has raised no issue about it and there is no reason to reject days as a reasonable unit.

2. The Court of Appeals decision clearly contemplated that imposition of the tax be determined with reference to *types* of trucks, not to individual trucks. Accordingly, the tax should be imposed only if the majority of the trucks of a given type are used with a heavy trailer more than fifty percent of the time.

that PG & E has sufficiently established that all but three types of trucks should not have been taxed as truck-trailer combinations. The three taxable types are line trucks,[3] cable pullers,[4] and underground heavy winch trucks.[5] In the case of none of the other types of truck were more than 50 percent of the trucks used to haul a trailer more than 50 percent of the days in use.

Accordingly, PG & E is entitled to a refund of the use taxes paid on all of its trucks other than line trucks, cable pullers, and underground heavy winch trucks. PG & E is directed to submit an appropriate form of judgment.

IT IS SO ORDERED.

---

3. 542 of PG & E's 827 line trucks (light, medium and heavy) are used more often than not with heavy trailers.

4. 12 of PG & E's 14 cable pullers are used more often than not with heavy trailers.

5. 4 of PG & E's 7 underground heavy winch trucks are used more often than not with heavy trailers.