**CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**Docket No. 85–6114.**

United States Court of Appeals,
Second Circuit.

Argued Oct. 24, 1985.

Decided Jan. 14, 1986.

Ernest J. Williams, New York City, for plaintiff-appellant.

Gerald T. Ford, and Steven E. Obus, Asst. U.S. Attys., for defendant-appellee.

Before PIERCE, WINTER and DAVIS,* Circuit Judges.

PER CURIAM:

The Consolidated Edison Company of New York (Con Ed) appeals from a judgment of the United States District Court for the Southern District of New York, Motley, *Chief Judge*, dismissing its complaints in two consolidated actions in which Con Ed sought a tax refund of $412,420 paid during the taxable years from July 1, 1972 through June 30, 1977 and July 1, 1979 through June 30, 1982. The district court ruled that sections 4481 and 4482 of the Internal Revenue Code (I.R.C.), 26 U.S.C. §§ 4481, 4482, permit the Internal Revenue Service (IRS) to tax Con Ed's utility trucks as truck-trailer combinations, for federal highway use tax purposes, merely because the trucks are equipped with pintle hooks capable of attachment to heavy trailers.[1] Con Ed contends that its trucks pull heavy trailers only during emergencies and that it was entitled to a factual determination by the IRS as to whether heavy trailers are "customarily used" with its trucks. 84 Civ. 1167 (April 9, 1985).

Con Ed argues that the classification of a vehicle as a truck-trailer combination merely because the vehicle is "equipped for use" in combination with heavyweight trailers, without a factual determination as to "customary use," is inconsistent with I.R.C. §§ 4481 and 4482. However, the Highway Revenue Act of 1956, Pub.L. 84–627, 70 Stat. 374, expressly delegated broad authority to the Treasury Department to prescribe "formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications or otherwise." I.R.C. § 4482(b). Congress envisioned and approved of the IRS's determining "taxable gross weight" by reference to the vehicle and any trailer that the vehicle is "equipped" to pull, "whether or not [the trailer is] so used in connection with a particular vehicle with respect to which the tax is imposed." S.Rep. No. 2054, 84th Cong., 2d Sess. 8, *reprinted in* 1956–2 C.B. 1308, 1313; H.R. Rep. No. 2022, 84th Cong., 2d Sess. 43, *reprinted in* 1956 C.B. 1285, 1290, U.S. Code Cong. & Admin.News 1966, p. 2822. Further, the adoption by the Commissioner of Internal Revenue (Commissioner) of the "equipped for use" standard pursuant to a 1956 regulation, T.D. 6216 § 41.4482(b)– 1(c), 1956 C.B. 895, 902, shortly after Congress enacted the Highway Revenue Act of 1956, constitutes a "substantially contemporaneous construction of the statute" and is therefore entitled to particular weight.

---

* United States Circuit Judge for the Federal Circuit, sitting by designation.

1. In 1956, pursuant to Congress' delegation of broad rulemaking authority under I.R.C. § 4482(b), the Treasury Department promulgated Reg. § 41.4482(b)–1(d), which sets forth four categories of vehicles based on design specifications: (1) single units; (2) tractor-trailer combinations; (3) truck-trailer combinations, which are trucks "equipped for use in combinations"; and (4) buses. The issue in this case is whether the Con Ed trucks should be placed in category (1) or in the higher-taxed category (3).

*See National Muffler Dealers Ass'n. v. United States,* 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519 (1979). Since the 1956 promulgation of the "equipped for use" regulation, the Commissioner has made clear that utility trucks equipped to pull *lightweight* trailers are taxed as single units, *see* Revenue Ruling 57–547, 1957–2 C.B. 789, while those equipped to pull *heavyweight* trailers are more highly taxed as truck-trailer combinations, *see* Revenue Ruling 76–294, 1976–2 C.B. 364. Under this lightweight-heavyweight distinction, the IRS will classify a utility truck that is equipped to pull a lightweight trailer as a *single* unit, even though the truck may *often* pull that trailer; the utility company thereby enjoys some non-assessed highway use benefit. Conversely, the IRS will classify a utility truck that is equipped to pull a heavyweight trailer as a truck-trailer combination, even though the truck may pull such a trailer only infrequently; the utility company thereby endures some over-assessed highway use liability. In our view, this distinction is not "unreasonable" or "plainly inconsistent" with the broad authority that Congress delegated to the Treasury Department for the calculation of taxable gross weight under I.R.C. § 4482(b). Cf. *Fulman v. United States,* 434 U.S. 528, 98 S.Ct. 841, 55 L.Ed.2d 1 (1978). It is evident to us that Congress wanted the Commissioner to be free to devise administratively efficient means of rationally and approximately correlating tax liability with estimated highway use. Congress understood that an exact determination of the extent of a taxpayer's use of our national highways could not be undertaken. The lightweight-heavyweight distinction is not an unreasonable method of administering a tax that strives to approximately correlate liability with use.[2]

■ Con Ed also argues that the Commissioner abused his discretion under I.R.C. § 7805(B) in applying Revenue Ruling 76–294 retroactively to its 1972 through 1976 taxes. We disagree. Revenue Ruling 76–294 does not modify the tax law as it had existed in 1972. First, the lightweight-heavyweight distinction had already been presaged by the 1957 Revenue Ruling, *supra,* which by expressly premising single unit treatment on the fact that the utility truck's trailer was lightweight thereby effectively put utility companies on notice that heavyweight trailers might well be treated as truck-trailer combinations. Second, during the interim between the IRS Revenue Rulings of 1957 and 1976, *supra,* both of which involved utility trucks, the IRS applied the lightweight-heavyweight distinction in cases that involved other vehicles and that preceded Con Ed's 1972–77 tax payments. *See, e.g.,* Revenue Ruling 72–109, 1972–2 C.B. 351 (dump trucks equipped to tow lightweight trailers are "single unit" vehicles, but those equipped to tow "pup" or similar heavier trailers are "equipped for use in combination").[3] Thus,

**2.** In so holding, we concur in the results in *Minnesota Power & Light v. United States,* 782 F.2d 167 (Fed.Cir.1986); *Northern Illinois Gas Co. v. United States,* 554 F.Supp. 371 (N.D.Ill. 1983), *aff'd,* 743 F.2d 539 (7th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 3501, 87 L.Ed.2d 632 (1985) and *Northern States Power Co. v. United States,* 503 F.Supp. 1182 (D.Minn.1981), *aff'd,* 663 F.2d 55 (8th Cir.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2045, 72 L.Ed.2d 490 (1982). We decline to follow *Pacific Gas & Electric Co. v. United States,* 664 F.2d 1133 (9th Cir.1981), *cert. denied,* —— U.S. ——, 105 S.Ct. 3501, 87 L.Ed.2d 632 (1985).

**3.** While we note that some of the Revenue rulings expressly referred to trailers "customarily used" with trucks of the type to which those trailers are connected, *see Minnesota Power and Light,* 6 Cl.Ct. at 564–67, *rev'd* 782 F.2d 167 (Fed.Cir.1986), and that some internal Government Counsel Memoranda (GCM's) filed pursuant to such Revenue Rulings recognized or even recommended application of the "customary use" standard, *see id.* at 565–66 & nn. 5–6, such rulings and memoranda do not significantly dilute the precedential value of rulings implementing the IRS's lightweight-heavyweight distinction pursuant to Congress' "equipped for use" standard. Further, Congress' avowal that its 1982 definition of "customary use" as "equipped to tow" constituted a clarification and not a modification of the 1956 definition of "taxable gross weight," Pub.L. 97–424 § 513(c), 96 Stat. 2097, 2179; H.R.Rep. No. 945, 97th Cong., 2d Sess. 17–18 (1982), supports the view that the 1976 Revenue Ruling was consistent with prior tax law. *See Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 380–81, 89 S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969) (subsequent legisla-

the 1976 Revenue Rule was merely declarative of an evolving body of law relating to the highway use tax, and its application to Con Ed was not unwarranted. Cf. *Dunn v. United States*, 468 F.Supp. 991, 995 (S.D. N.Y.1979). Finally, even if the 1976 ruling could be construed as some discernible modification of the tax law, such modification would still properly apply to Con Ed's 1972–76 taxes, given the Commissioner's broad authority to apply correct rulings retroactively. Cf. *Dickman v. Commissioner*, 465 U.S. 330, 104 S.Ct. 1086, 1094, 79 L.Ed.2d 343 (1984); *Dixon v. United States*, 381 U.S. 68, 75–80, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965).

Affirmed.

tive history "entitled to great weight in [prior] statutory construction"); *Sam Wong & Sons, Inc. v. New York Mercantile Exchange*, 735 F.2d 653, 676 n. 30 (2d Cir.1984) ("indications of what Congress thought it had meant would be welcome evidence").