**PUBLIC SERVICE COMPANY OF COLORADO, a corporation; Western Slope Gas Company, a corporation; and Public Service Company of Colorado, Successor by Merger to Pueblo Gas and Fuel Company, a corporation, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 85–1049.**

United States Court of Appeals, Tenth Circuit.

April 15, 1987.

Timothy Fox of Kelly, Stansfield & O'Donnell, Denver, Col., for plaintiffs-appellants.

Roger M. Olsen, Asst. Atty. Gen., Michael L. Paup, Jonathan S. Cohen, and Francis M. Allegra, Tax Division, Dept. of Justice, Washington, D.C., of counsel, Robert N. Miller, U.S. Atty., Denver, Col., for defendant-appellee.

Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 34.1.8(c) and 27.-1.2. The cause is therefore ordered submitted without oral argument.

In this appeal we decide whether an Internal Revenue Service classification of certain vehicles as truck-trailer combinations was contrary to the Highway Revenue Act, 26 U.S.C. § 4481–84.

Section 4481(a) of the Act, before amendments effective in 1984, provided, in part, as follows:

"A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers *customarily used* in connection with highway motor vehicles of the same type as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds...."

(Emphasis added). The term "taxable gross weight" was defined in § 4482(b) as the sum of

"(1) the actual unloaded weight of—

(A) such highway motor vehicle fully equipped for service, and

(B) the semitrailers and trailers (fully equipped for service) *customarily used* in connection with highway motor vehicles of the same type as such highway motor vehicle, and

(2) the weight of the maximum load customarily carried on highway motor vehicles of the same type as such highway motor vehicle and on the semitrailers and trailers referred to in paragraph (1)(B).

Taxable gross weight shall be determined under regulations prescribed by the Secretary (which regulations may include formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise)."

(Emphasis added).

Treas.Reg. § 41.4482(b)–1, adopted under authority of § 4482(b), established weight classifications based upon how the vehicles were equipped for use, and treated vehicles equipped for use in combination with trailers or semitrailers as taxable according to the gross weight of the combination. Revenue Ruling 76–294, 1976–2 C.B. 364, interpreting the regulation, classified utility trucks equipped with pintle hooks [1] capable of towing heavyweight trailers as "equipped for use in combinations" and taxable, under § 4481, as truck-trailer combinations *Id.* at 365.[2]

Plaintiffs, Public Service Company of Colorado and Western Slope Gas Company, seek to recover highway motor vehicle use taxes assessed under § 4481 for the years 1972 to 1975 on plaintiffs' trucks equipped with pintle hooks. Plaintiffs assert that classification of these vehicles as truck-trailer combinations merely because they are "equipped for use" with heavyweight trailers, without a factual determination as to "customary use," is contrary to §§ 4481 and 4482. The district court disagreed and granted summary judgment for the government, finding that the pintle hook classification was "neither arbitrary nor inconsistent with the statute." R. II, 338.

Whether trucks equipped with pintle hooks permitting use with heavyweight

---

**1.** A pintle hook is a mechanism that can be attached to the back of a truck or other motor vehicle which will enable that vehicle to pull a trailer or other piece of equipment, provided the trailer or equipment has an eye that will attach to the hook.

**2.** Rev.Rul. 76–294 either modified or clarified the IRS's earlier classification of utility trucks equipped with pintle hooks. *See* Rev.Rul. 57–547, 1957–2 C.B. 789. The district court allowed retroactive application of the 1976 ruling. No issue of retroactivity has been argued in this appeal.

trailers should be taxed as specified in Rev. Rul. 76–294 has already been addressed by five other circuits. *Consolidated Edison Company of New York, Inc. v. United States,* 782 F.2d 322 (2d Cir.1986); *Minnesota Power and Light Co. v. United States,* 782 F.2d 167 (Fed.Cir.1986); *Northern Illinois Gas Co. v. United States,* 743 F.2d 539 (7th Cir.1984), *cert. denied,* 472 U.S. 1027, 105 S.Ct. 3501, 87 L.Ed.2d 632 (1985); *Northern States Power Co. v. United States,* 663 F.2d 55 (8th Cir.1981), *aff'g* 503 F.Supp. 1182 (D.Minn.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2045, 72 L.Ed.2d 490 (1982); *Pacific Gas and Electric Co. v. United States,* 664 F.2d 1133 (9th Cir.1981). Only one of these opinions rejects the Secretary's choice of "equipped for use" as a basis for taxation under § 4481. *Pacific Gas and Electric,* 664 F.2d at 1135. We find ourselves in agreement with the four other circuits that have accepted the Secretary's interpretation.

■■■ The provision in § 4482(b) that explicitly allows the Secretary to use "formulas or other methods for determining the taxable gross weight of vehicles by classes, specifications, or otherwise," in effect gives the Secretary of the Treasury "legislative" rulemaking power, so long as the Secretary acts within the parameters of the statute. As the Federal Circuit in *Minnesota Power & Light Co.* stated:

" 'The "customarily used" language ... [of § 4481] must be read in combination with the language in section 4482(b), which authorizes the Secretary to develop "formulas and other methods" for determining the taxable gross weight of vehicles. Because the "customarily used" requirement is integral to the determination of taxable gross weight, we read section 4482(b) as permitting the Secretary to develop a short-hand method for determining whether a certain type of vehicle is customarily used in combination with heavy trailers.' "

782 F.2d at 172 (quoting *Northern Illinois Gas Co.,* 743 F.2d at 542). We will sustain an agency's interpretation of a statute it is charged with administering unless the interpretation is unreasonable or inconsistent with the governing statute. *See King v. United States,* 545 F.2d 700, 706 (10th Cir. 1976); *Minnesota Power and Light Co.,* 782 F.2d at 170. The Secretary's classification according to how the vehicle is equipped for use—its capacity—seems a more administratively feasible approach than a system which requires individual inquiry as to the actual use of each vehicle by each owner. We cannot find the legislative regulation to that effect beyond the power of the Secretary. The pintle hook revenue ruling seems a reasonable construction of the regulation, not inconsistent with the statute.

Our affirmance of the Secretary's interpretation is supported by recent congressional action. The Highway Revenue Act of 1982, Pub.L. No. 97–424, tit. V, 96 Stat. 2168, provides an express clarification of the "customary use" language:

"(c) CLARIFICATION OF TRAILERS CUSTOMARILY USED IN CONNECTION WITH HIGHWAY MOTOR VEHICLES.—

(1) Subsection (c) of section 4482 is amended by adding at the end thereof the following new paragraph:

'(5) CUSTOMARY USE.—A semitrailer or trailer shall be treated as customarily used in connection with a highway motor vehicle if such vehicle is equipped to tow such semitrailer or trailer.' "

*Id.,* § 513(c), 96 Stat. 2179, codified at 26 U.S.C. § 4482(c)(5). The legislative history accompanying the 1982 Act emphasizes that the amendment is a clarification of congressional intent, not a modification.

"The definition of taxable gross weight is not modified by the bill. However, the bill makes it clear that a semitrailer or trailer is to be treated as customarily used in connection with a highway motor vehicle if the vehicle is equipped to tow the semitrailer or trailer."

H.R.Rep. No. 945, 97th Cong., 2d Sess. 17–18 (1982). Subsequent legislation such as this "declaring the intent of an earlier statute is entitled to great weight in statutory construction." *Red Lion Broadcasting Co. v. FCC,* 395 U.S. 367, 380–81, 89

S.Ct. 1794, 1801, 23 L.Ed.2d 371 (1969) (footnote omitted).

For the foregoing reasons we hold that the Secretary's interpretation of customary use is not unreasonable or plainly inconsistent with §§ 4481 and 4482.

AFFIRMED.