**CORY CORPORATION and Mitchell Manufacturing Company, Delaware corporations, Plaintiffs-Appellees,**

v.

**Ernest J. SAUBER, Defendant-Appellant.**

**No. 12479.**

United States Court of Appeals Seventh Circuit.

June 8, 1959.

Duffy, Chief Judge, dissented.

Charles K. Rice, Asst. Atty. Gen., Grant W. Wiprud, Lee A. Jackson, A. F. Prescott, Attys., Dept. of Justice, Washington, D. C., Donald S. Lowitz, Asst. U. S. Atty., Robert Tieken, U. S. Atty., Chicago, Ill., for appellant.

Edwin A. Rothschild, Stanford Clinton, Sidney M. Perlstadt, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and SCHNACKENBERG, HASTINGS, PARKINSON, KNOCH and CASTLE, Circuit Judges.

SCHNACKENBERG and HASTINGS, Circuit Judges, on Petition for Rehearing en Banc.

Plaintiffs joined with defense counsel in a stipulation in the district court that

"The air conditioners in suit and similar air conditioners on which assessments have been made are sometimes hereinafter collectively referred to as plaintiff's air conditioners.

"* * * the present civil actions are prototype or test cases to determine whether plaintiff's air conditioners are subject to federal excise tax."

The district court, in finding of fact 7, found:

"It has been heretofore stipulated by the parties and found by this court that the present consolidated civil action is a prototype or test case to determine whether plaintiff's air conditioners are subject to excise tax."

Plaintiffs' counsel, in their brief, recognized the scope of plaintiffs' liability in litigation in this case, when they said, at page 4:

"Since the 'substantially more than $1,000,000 in federal excise taxes' assessed against plaintiff's air conditioners represent 10% of the sales price, this case involves substantially more than $10,000,000 of air conditioners. Even at an average price of $200 a unit (the average price of the units in suit was less than $150), substantially more than fifty thousand air conditioning units are involved."

Of course, the decision of this court in this case is binding only on the parties to this case, subject to their right to seek a review of the correctness of our holding, by applying to the United States Supreme Court.

Those who seek to intervene in this court as amicus curiae [1] are not bound by either the stipulation of the parties in this case or our opinion and judgment. In other words, this is plaintiffs' lawsuit, and not that of the amicus curiae. When and if the government attempts to apply our holding in this case to the amicus curiae, they have a right to litigate their case, and to seek what they consider to be a proper result for them. While our decision might be cited as a precedent in such subsequent litigation, the same as any other case holding, it would not

1. Bernard A. Mitchell, et al., Hupp Corporation and General Electric Company, a corporation.

be binding as res judicata on the amicus curiae, who were not parties to this case. Subsequently, if, conformably to our decision, and assuming it is not reversed by the Supreme Court, the Commissioner of Internal Revenue makes a new ruling to replace that which we have declared invalid, the amicus curiae will be free to go into court and attack the validity of the new ruling. Even if the validity of the new ruling is then sustained, the amicus curiae will still have an opportunity under § 7805(b) of the 1954 Revenue Code [2] to procure a ruling from the Secretary of the Treasury as to "the extent, if any, to which" the ruling "shall be applied without retroactive effect". In addition, they would probably have a right to contest in court the Secretary's ruling under § 7805(b).

We have voted to deny plaintiffs' petition for rehearing en banc.

DUFFY, Chief Judge, on Petition for Rehearing en Banc.

I concurred in the opinion of the Court herein with some reluctance. Further study and research has convinced me that I was wrong in so doing.

The matter now before us is a petition for rehearing before the full court sitting *en banc* or, in the alternative, for the recall of our order of March 20, 1959, for a modification of our judgment so as to affirm the judgment of the District Court. I am voting to grant the petition for a rehearing *en banc*. I feel I should state my reasons for so doing.

The statute taxes self-contained air conditioners of the household type, 26 U.S.C.A. § 4111. Since 1948 the Commissioner of Internal Revenue, by published rulings, has consistently exempted from taxation the air conditioning units having a total motor horsepower of one horsepower or more. In 1956 the industry's spokesmen testified before Congress and stated that "household type" was generally understood to refer to smaller units and that "The Bureau of Internal Revenue has stated that in accordance with the legislative intent, the tax applies to household-type equipment and for that reason has drawn the line of demarcation at less than one horsepower." [1]

Congress has authorized the Commissioner to promulgate rules and regulations to fill in the details in the Internal Revenue Code. Congress has authorized the Commissioner to make all necessary interpretations of the statutory language of said Code.' § 3450, Internal Revenue Code, 1939, 26 U.S.C.A. § 3450; § 7805 (a), Internal Revenue Code, 1954, 26 U. S.C.A. § 7805(a). After the hearings referred to, Congress made changes in other sections of the Code but left the excise tax on air conditioners intact. I consider this to be a clear example of Congressional acquiescence in the published interpretations of the Bureau of Internal Revenue as to the excise tax on air conditioners.

In our opinion herein we held revenue rulings which have been consistently in force since 1948 to be void 1) because the Act makes no reference to horsepower, and 2) the horsepower test is "inconclusive," "uncertain" and "impracticable." The opinion then describes a household type appliance as one "made to meet the needs of a household." One may ask—a large household or a small one? Also, must a manufacturer in some way be able to certify what was the ultimate use of each of the thousands of air conditioners which he has manufactured? It seems to me that the test laid down in the opinion of this Court qualifies under the terms used by the Court, *viz.*, "inconclusive," "uncertain" and "impracticable."

For decades the Commissioner of Internal Revenue has defined the word "household." He has defined household type refrigerators by cubical content (S. T. 845, 1936–2 C.B. 340); household type electric fans by the length of blades

---

2. 26 U.S.C.A. § 7805(b).

1. Hearings, subcommittee, House Ways and Means Committee, H.Rep., 84 Cong., 2d Sess. pages 163–165.

(Rev. Rul. 55–146, 1955–1 C.B. 528); household type electric water heaters by wattage (Rev. Rul. 58–115, 1958–1, C.B. 409) and household type lawn mowers by cutting width (Rev. Rul. 116, 1953–1, C.B. 465). As far as I am aware, these rulings have been administered "without confusion and controversy." In any event, knowing of these rulings, Congress has continued to enact and reenact excise statutes using the same general language, *viz.*, "household type."

The principal issue in the District Court was that the Government contended the rulings referred to rated horsepower under NEMA standards. The plaintiffs contended the rulings referred to actual horsepower. The District Court found as a fact that plaintiffs' air conditioners had not only an actual but also a rated horsepower of one horsepower. Thus, the court below found that plaintiffs' air conditioners were not taxable. However, on this appeal we disregard the District Court's finding and decide the case on the basis of invalidity of a long established ruling which has been relied on by all members of the industry.

I agree with the statement in a recent decision of the Ninth Circuit in Evans v. Commissioner, 1959, 264 F.2d 502, 511, wherein the court said: "'Taxpayers had a right to file their returns in reliance upon the Commissioner's long-continued interpretation of his own Regulations. * * * Common justice requires that it (the new regulation) be given a prospective construction only.'"

I think it is no light matter to hold invalid a ruling which has stood for years. The ruling in question was made in 1948. Congress reenacted the excise statute without change in 1954. Congress was expressly advised in 1956 that the horsepower test was devised to separate household from commercial types "in accordance with legislative intent." Congress made no change in the excise tax on air conditioners when it revised the code in 1958.

Our decision will have a serious effect on the air conditioning industry which had no previous notice that the Government would attack its own long-established ruling. Many thousands of air conditioning units have been sold. Our decision might result in attempts to collect retroactively 10% on each air conditioner sold which might be placed in the vague classification "made to meet the needs of a household."

The tax is on the seller and can only be passed on to the buyer by the terms of a contract of sale. Any opportunity to recover such a tax is no longer available to the manufacturers. I believe our decision makes for confusion more confounded. The situation is so serious I think it should have the attention of our Court sitting *en banc.*