AMERICAN SAFETY FLIGHT SYSTEMS, INC., Appellee,

v.

The GARRETT CORPORATION, Appellant.

No. 74–1414.

United States Court of Appeals, Ninth Circuit.

Dec. 24, 1975.

Robert S. Swecker (argued), Burns, Doane, Swecker & Mathis, Washington, D. C., for appellant.

Gary Lande (argued), Miketta, Glenny, Poms & Smith, Los Angeles, Cal., for appellee.

OPINION

Before ELY and WALLACE, Circuit Judges, and RENFREW,* District Judge.

PER CURIAM:

Appellee (American) instituted suit under 28 U.S.C. § 1338(a) and § 2201 against appellant (Garrett) for a declaratory judgment that Claims 1 and 2 of Garrett's patents, Nos. 2,764,766 (Boyle-Taylor) and 2,804,633 (Taylor-Fraebel) were invalid and not infringed. Garrett counterclaimed, alleging infringement of both patents and praying that both be

* Honorable Charles B. Renfrew, United States District Judge, San Francisco, California, sitting by designation.

adjudged valid and infringed in their entirety. As an affirmative defense to American's suit, Garrett alleged that American was barred by *res judicata* from contesting the validity of the Taylor-Fraebel patent in view of a prior decision by the Court of Claims upholding the validity of Claims 1–3 of the patent. *Garrett Corporation v. United States*, 422 F.2d 874, 190 Ct.Cl. 858, *cert. denied*, 400 U.S. 951, 91 S.Ct. 242, 27 L.Ed.2d 257 (1970).

The District Court held that American was not barred by *res judicata* and that Claims 1 and 2 of the Boyle-Taylor patent and Claims 1, 2 and 3 of the Taylor-Fraebel patent were invalid for obviousness under 35 U.S.C. § 103. The District Court also held the patent claims invalid because ,of its finding that they combined individually old elements in an old life raft combination wherein no new functions were performed. *Lincoln Engineering Co. v. Stewart-Warner Corp.*, 303 U.S. 545, 549, 58 S.Ct. 662, 82 L.Ed. 1008 (1938). The court further held that the patents were not infringed by reason, *inter alia*, of the doctrine of file wrapper estoppel.

█ The District Court's critical findings are not clearly erroneous and its conclusions of law are correct; hence, we affirm. As to the issue of *res judicata*, however, we uphold the District Court with reluctance. If we could write on a clean slate, we would not hesitate to hold that when a non-party became as heavily involved in the Court of Claims litigation as was Fred Patten, one of the principal officers of American's predecessor, American should be barred by *res judicata* from relitigating the same issues. But after a thorough study of the decisions of this and other courts, we have concluded that the course we must follow has been clearly and authoritatively charted. We cannot disregard the established principle that a participating non-party cannot be estopped to relitigate issues involved in an earlier suit unless he had "the right to participate and control such prosecution or defense." *Hy-Lo Unit & Metal Products Co. v. Remote Control Manufacturing Co.*, 83 F.2d 345, 350 (9th Cir. 1936). *See Bigelow v. Old Dominion Copper Mining & Smelting Co.*, 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009 (1912); *Troy Co. v. Products Research Co.*, 339 F.2d 364 (9th Cir. 1964), *petition for cert. dismissed*, 381 U.S. 930, 85 S.Ct. 1762, 14 L.Ed.2d 689 (1965); *Bros, Inc. v. W. E. Grace Manufacturing Co.*, 261 F.2d 428 (5th Cir. 1958); *E. I. DuPont de Nemours & Co. v. Sylvania Industrial Corp.*, 122 F.2d 400 (4th Cir. 1941); *Rohm & Haas Co. v. Chemical Insecticide Corp.*, 171 F.Supp. 426 (D.Del. 1959); 1B Moore's Fed.Prac. ¶ 0.411[6] (1974); Restatement of Judgments § 84, comment (e) (1942). Since it was not shown that Patten exercised such control over the defense in the Court of Claims, American, as the Patten Company's successor-in-interest, was not bound by the Court of Claims decision.[1]

Because we must affirm the judgment that the patents are invalid, we do not reach the issue of infringement.

Affirmed.

---

1. Garrett also argued that *res judicata* should apply because the Patten Company was in privity with the government in the Court of Claims action by virtue of an indemnitor-indemnitee relationship. The District Court found that although "[s]ome of the Patten Co., Inc. contracts included indemnity clauses," Garrett had "failed to show that an indemnitor-indemnitee relationship actually existed between The Patten Co., Inc. and the United States with regard to the subject matter being litigated in the Court of Claims action." From our review of the record, we cannot hold that this finding was clearly erroneous.