## UNION CARBIDE CORPORATION, Appellee,

v.

## COMMISSIONER OF INTERNAL REVENUE, Appellant.

### No. 559, Docket 81–4105.

United States Court of Appeals, Second Circuit.

Argued Jan. 18, 1982.

Decided Jan. 25, 1982.

Robert D. Heyde, Washington, D. C. (Miller & Chevalier, Chartered, Raphael Sherfy, Thomas D. Johnston, Washington, D. C., William M. Bellamy, Jr., New York City, of counsel), for appellee.

David English Carmack, Atty., Tax Div., Dept. of Justice, Washington, D. C. (John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Mildred L. Seidman, Bruce W. Reynolds, Attys., Tax Div., Dept. of Justice, Washington, D. C., of counsel), for appellant.

Before FEINBERG, Chief Judge, and MANSFIELD and KEARSE, Circuit Judges.

**68**

PER CURIAM:

This is an appeal from a judgment of the Tax Court, Theodore Tannenwald, Jr., J., barring the Commissioner from asserting a deficiency against Union Carbide Corporation (Carbide) for its 1971 tax year. In his decision, reported at 75 T.C. 220 (1980), Judge Tannenwald found that the Court of Claims' decision in *Union Carbide Corp. v. United States*, 612 F.2d 558 (1979), estops the Commissioner from arguing that Treas. Reg. § 1.1502–25(c) is valid and applicable to reduce Carbide's 1971 consolidated foreign tax credit under § 1503(b)(1) of the Internal Revenue Code, 26 U.S.C. § 1503(b)(1). In that case, the Court of Claims considered the validity of § 1.1502–25(c) in connection with this taxpayer's 1967 tax liability, held that the method it set out for allocating income between Carbide's Western Hemisphere trade corporations and its other subsidiaries was invalid, and upheld the allocation formula used by Carbide.

On appeal, the government argues that we must reverse the Tax Court in light of *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), and our own 22-year-old decision in *Consolidated Edison Co. v. United States*, 279 F.2d 152 (1960), aff'd on other grounds, 366 U.S. 380, 81 S.Ct. 1326, 6 L.Ed.2d 356 (1961). We decline to reverse, and we affirm the application of collateral estoppel to the facts of this case on the reasoning of Judge Tannenwald's opinion. We agree with the Tax Court that recent decisions, particularly *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979), indicate that it is appropriate to invoke collateral estoppel here to bar the Commissioner from relitigating with the same taxpayer the precise issue on which the Commissioner has already lost for a prior year. Moreover, *Consolidated Edison* is not controlling. Its authority was weakened not only by *United States v. Russell Manufacturing Co.*, 349 F.2d 13 (2d Cir. 1965), but more importantly, by *Montana v. United States*, supra.

The judgment of the Tax Court is affirmed.