**The L.E. MYERS COMPANY**

v.

**The UNITED STATES.**

**No. 362–79T.**

United States Claims Court.

Aug. 25, 1986.

Sharon L. King, Chicago, Ill., for plaintiff.

Ellen K. McGee, Washington, D.C., with whom was Acting Asst. Atty. Gen. Roger M. Olsen, for defendant.

OPINION

YOCK, Judge.

This case is currently before the Court on plaintiff's motion for a trial on the merits to determine whether the Internal Revenue Service (IRS) abused its discretion in retroactively applying a 1976 revenue ruling to require increased highway use tax assessments for certain trucks owned by plaintiff, L.E. Myers Company. Defendant opposed plaintiff's motion by asserting that the principle of *stare decisis* governs this issue.

For the reasons discussed herein, plaintiff's motion is denied.

*Background*

The plaintiff, L.E. Myers Company, is engaged in the business of constructing for electric utility companies high voltage wires, distribution systems, substations and similar facilities used in the transmission and distribution of electricity. During the tax years at issue, plaintiff owned and operated approximately 1,600

trucks of which only approximately 600 are in issue in this case. In addition, plaintiff owned approximately 300 heavy-duty trailers. Each of the vehicles in issue is equipped with a pintle hook[1] suitable for towing a heavy-duty trailer.

On its federal highway use tax returns, filed for the tax years ended June 30, 1974, June 30, 1975, and June 30, 1976, plaintiff classified its trucks as "single unit" vehicles based upon their customary use. During a subsequent audit, the IRS reclassified those trucks as "truck-trailer combinations," a classification subject to a higher tax rate than the rate applicable to "single unit" vehicles.

Plaintiff filed administrative claims for refund of the amounts paid and for abatement of the remaining portion of the assessment outstanding. After six months elapsed, during which period no action was taken on its claims, plaintiff instituted its action in this Court. In its action, plaintiff seeks a refund of amounts paid totaling approximately $3,100 plus appropriate interest, and abatement of the remaining portion of the assessment outstanding in the approximate amount of $306,000. Defendant has filed a counterclaim for this latter amount, plus appropriate interest.

The original issue raised in this case, whether the interpretation given by the IRS in its regulation, 26 C.F.R. § 41.-4482(b)–1(d), and in Rev.Rul. 294, 1976–2 C.B. 364, conflicted with the statutory language of 26 U.S.C. § 4482(b),[2] was also raised in claims for refunds filed in this Court by Minnesota Power & Light Company and Kansas City Power & Light Company.

In October 1983, the United States moved for summary judgment against Minnesota Power. Thereafter, summary judgment motions were also filed in *L.E. Myers Co. v. United States*, No. 362–79T (Cl.Ct. Nov. 21, 1984) and *Kansas City Power &*

*Light Co. v. United States*, No. 230–82T (Cl.Ct. Nov. 21, 1984). Because of the related nature of the cases, these motions were contemporaneously adjudicated.

On November 21, 1984, this Court issued opinions in each of the three cases ruling in favor of the taxpayers on the controlling question of law. Final judgment in *Minnesota Power* was entered on December 3, 1984, pursuant to a stipulation of previously controverted facts. L.E. Myers thereafter filed a motion for leave to intervene in the *Minnesota Power* case. This motion was denied on February 7, 1985, because on January 25, 1985, the Government had removed the case from the jurisdiction of the Claims Court by filing a notice of appeal in the Court of Appeals for the Federal Circuit.

L.E. Myers then moved to intervene in the *Minnesota Power* appeal. The Federal Circuit denied this motion but granted L.E. Myers and Kansas City permission to file briefs as *amici curiae*. On January 8, 1986, the Federal Circuit reversed the decision of the Claims Court and held that the IRS's regulatory and revenue ruling interpretation of 26 U.S.C. § 4482(b) is harmonious with the statute itself. *Minnesota Power and Light Co. v. United States*, 782 F.2d 167 (Fed.Cir.1986). The effect of the Federal Circuit's reversal required that the Claims Court dismiss the plaintiff on summary judgment in the *Minnesota Power* case instead of going forward for a trial on the merits.

On March 5, 1986, the plaintiff filed its current motion requesting that its case go forward to trial, notwithstanding the Federal Circuit's decision in *Minnesota Power*. Plaintiff filed its motion for a trial on the merits on the grounds that the IRS abused its discretion in retroactively applying Rev. Rul. 76–294, thereby increasing the highway use tax assessments for certain trucks

---

**1.** A pintle hook is a mechanism that can be attached to the back of a truck or other motor vehicle which will enable that vehicle to pull a trailer or other piece of equipment if the other piece of equipment is equipped with an eye that will go into the hook.

**2.** For a full discussion of the original issue raised, *see Minnesota Power & Light Co. v. United States*, 6 Cl.Ct. 558 (1984).

owned by plaintiff in its taxable years 1974–1976. Plaintiff argues that the Federal Circuit's decision in *Minnesota Power and Light Co. v. United States*, 782 F.2d 167 (Fed.Cir.1986) does not bind plaintiff, notwithstanding the fact that the Federal Circuit addressed the identical issue currently before this Court. Plaintiff asserts that because the retroactivity issue was raised only in the *amicus* brief, the Federal Circuit's statements are dicta and, therefore, not binding. Plaintiff also contends that the filing of an *amicus* brief is not sufficient to bind a nonparty to the result of a proceeding.

Defendant counters the plaintiff's motion by arguing that the Federal Circuit, in *Minnesota Power*, has already held that the retroactive application of Rev.Rul. 76–294 does not constitute an abuse of discretion. Therefore, because *Minnesota Power* constitutes the controlling precedent in this Circuit, the principle of *stare decisis* dictates that the plaintiff be bound.

### Discussion

For the reasons discussed below, the Court holds that the principle of *stare decisis* controls this issue.

It is axiomatic that an *amicus curiae* is not an actual party to litigation. Furthermore, the act of filing an *amicus* brief alone has never been sufficient to bind a nonparty to the results of a proceeding. *See Munoz v. County of Imperial*, 667 F.2d 811, 816 (9th Cir.1982); *Miller-Wohl Co. v. Commissioner of Labor and Industry*, 694 F.2d 203 (9th Cir.1982); *Cory Corp. v. Saubis*, 267 F.2d 802, 804–05 (7th Cir.1959). Established principle also dictates that a nonparty cannot be estopped from relitigating an issue unless he had a "right to participate and control" the initial litigation. *American Safety Flight Systems, Inc. v. Garrett Corp.*, 528 F.2d 288, 289 (9th Cir.1975). The nonparty's involvement in the initial action must be "at least as great as would reasonably be expected from a co-party" for *res judicata* to apply. *American Postal Workers Union Columbus Area Local AFL–CIO v. United States*

*Postal Service*, 736 F.2d 317, 319 (6th Cir. 1984). *See also TRW, Inc. v. Ellipse Corp.*, 495 F.2d 314, 318 (7th Cir.1974).

Plaintiff's initial contention is that the doctrine of *res judicata* does not apply to the present action. This contention is correct. Plaintiff's motion to intervene in the *Minnesota Power* appeal was denied and the Federal Circuit did not invite plaintiff to participate in oral argument. Because plaintiff's only participation in the *Minnesota Power* appeal was the filing of an *amicus* brief, its involvement was not "at least as great as would reasonably be expected from a co-party." *American Postal Workers Union Columbus Area Local AFL–CIO v. United States Postal Service, supra*, 736 F.2d at 319. Therefore, the doctrine of *res judicata* is inapplicable. However, plaintiff's motion is precluded by the doctrine of *stare decisis*.

The doctrine of *stare decisis* permits a court to recognize a rule of law enunciated in an earlier case provided the facts and issues involved in both cases are similar. *Commissioner v. Sunnen*, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Duncan v. Theis*, 613 F.2d 305 (Temp. Emer.Ct.App.1979); *Ben Constr. Corp. v. United States*, 160 Ct.Cl. 604, 312 F.2d 781 (1963). Furthermore, the doctrine of *stare decisis* is particularly weighty in cases of statutory interpretation; "[f]or in such cases Congress may cure any error made by the courts." *Cottrell v. Commissioner*, 628 F.2d 1127, 1131 (8th Cir.1980).

Plaintiff contends that because the retroactivity issue was raised in the *amicus* brief only and not by either of the parties to the appeal, the Federal Circuit's discussion of the issue is merely nonbinding dicta. Plaintiff's contention fails for three reasons. First, plaintiff's assertion that the retroactivity issue was never properly before the Federal Circuit, because it was raised only in the *amicus* brief, is factually incorrect. Although this issue was more directly and forcefully addressed by the *amici*, it was nevertheless also raised by both parties in the *Minnesota*

*Power* case. Minnesota Power's appellate brief reads as follows: "This amendment * * * adopts the position urged by the Government, but does so only for periods beginning on July 1, 1984. * * * [T]he amendment applies only prospectively from July 1, 1984, and does not apply to MP & L's taxable years at issue in this case. * * That the 1982 amendment was intended to serve only as a prospective change of law is confirmed by § 734(h) of the Tax Reform Act of 1984 * * *." Brief of Appellee at 14–15. Likewise, the Government's appellate brief also, albeit by inference, addressed the retroactivity issue. Throughout the litigation, the Government maintained that Rev.Rul. 76–249 was entirely consistent with past revenue rulings and IRS practice. Therefore, because there was no new practice or policy, there could be no retroactive interpretation. *See* Brief of Appellant at 9, 32. Thus, because it was raised by both parties to the appeal, the Federal Circuit properly considered the issue. Second, the Federal Circuit indicated that an analysis of the retroactivity issue was warranted in order to resolve the ultimate issue raised in *Minnesota Power.* *See Minnesota Power and Light Co. v. United States, supra,* 782 F.2d at 173 (the court devoted nearly one-sixth of its opinion to the identical issue now raised by L.E. Myers). The determination of the retroactivity issue was not dicta or a mere casual aside but, rather, a considered conclusion. As such, it is binding precedent. *Commissioner v. Sunnen, supra; Ben Constr. Corp. v. United States, supra,* 160 Ct.Cl. at 606, 312 F.2d at 782. This is especially true in cases such as this where the issues and facts involved in the two cases are indistinguishable. Third and finally, even if the Federal Circuit's discussion was dicta, this Court would still apply the doctrine of *stare decisis.* "In the absence of a controlling Supreme Court ruling, a federal district court is required to give great weight to the pronouncements of its Court of Appeals, even though those pronouncements appear by way of *dictum.*" *Max M. v. Thompson,* 585 F.Supp. 317, 324 (N.D.Ill. 1984).

For these three reasons, then, this Court believes it is bound by the precedent established by its superior tribunal in *Minnesota Power and Light Co. v. United States,* 782 F.2d 167 (Fed.Cir.1986). Application of the doctrine of *stare decisis* requires the denial of plaintiff's motion.

CONCLUSION

For the reasons discussed herein, the plaintiff's motion is denied.

Had this been the typical tax refund case, requesting refund for taxes assessed and fully paid, the Court would have deemed the defendant's opposition to plaintiff's motion as a cross-motion to dismiss. Since, however, this was atypical in the sense that the plaintiff made only a partial payment of the taxes assessed, and the defendant has counterclaimed for the assessment outstanding, the Court is not in a position to grant judgment to the defendant as a matter of law.

Because the Court is unable to determine the exact amount due the defendant on its counterclaim, the parties are hereby given 60 days either to stipulate as to the amount due under the counterclaim or otherwise advise the Court of their intentions herein.