NORTHERN ILLINOIS GAS COMPA-
NY, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

The L.E. MYERS CO.,
Plaintiff–Appellant,

v.

The UNITED STATES,
Defendant–Appellee.

Nos. 87–1369, 87–1394.

United States Court of Appeals,
Federal Circuit.

Dec. 2, 1987.

Edward C. Rustigan, Mayer, Brown & Platt, Chicago, Ill., argued for plaintiff-appellant, Northern Illinois Gas Co. With him on the brief was Fred M. Ackerson, Chicago, Ill.

Sharon L. King, Chicago, Ill., argued for plaintiff-appellant, The L.E. Myers Co.

Michael J. Roach, Dept. of Justice, Washington, D.C., argued for defendant-appellee, The United States. With him on the brief were Michael C. Durney, Acting Asst. Atty. Gen., Michael L. Paup and Gilbert S. Rothenberg, Washington, D.C.

Before SMITH, NIES and NEWMAN, Circuit Judges.

NIES, Circuit Judge.

Northern Illinois Gas Company ("NI-Gas") and The L.E. Myers Co. ("Myers") appeal from separate judgments rendered by Judge Yock of the United States Claims Court.[1] Each judgment upheld the classification by the Internal Revenue Service of certain utility trucks owned by appellants as "truck trailer combinations" within the meaning of the federal highway use tax of the Internal Revenue Code, 26 U.S.C. §§ 4481–84 (1982), which provides:

> A tax is hereby imposed on the use of any highway motor vehicle which (together with the semitrailers and trailers *customarily used in connection with highway motor vehicles of the same type* as such highway motor vehicle) has a taxable gross weight of more than 26,000 pounds....

26 U.S.C. § 4481(a) (1982) (emphasis added). In issue is a 1976 revenue ruling which states:

> (B) A utility truck equipped with a pintle hook or similar coupling device suitable for towing a trailer with two or more axles, or a one-axled trailer with a gross vehicle weight of 6,000 pounds or more is a truck "equipped for use in combinations" and therefore is within the truck-trailer combination category of the use tax schedule.

Rev.Rul. 76–294, 1976–2 C.B. 364.

All substantive issues raised by appellants on the validity of Rev.Rul. 76–294 were decided in *Minnesota Power and Light Co. v. United States*, 782 F.2d 167 (Fed.Cir.1986).[2] In particular, this court held that the classification of utility trucks on the basis of the design capability of the trucks, rather than on the basis of actual use with heavy-duty trailers, was a reasonable interpretation of the statutory highway use tax. Further, it was held therein that Rev.Rul. 76–294 was an interpretation of a valid regulation. *Id.* at 169. Finally, it was held that Rev.Rul. 76–294, if it were a change in interpretation, could be applied retroactively. *Id.* at 173.

■ Appellants assert correctly that in *Minnesota Power* this court did not specifically address the issue of whether the Service was required to promulgate Rev.Rul. 76–294 in accordance with the notice and comment procedures of the Administrative Procedure Act (APA), 5 U.S.C. § 553 (1982). That issue turns, however, on whether Rev.Rul. 76–294 is a legislative or interpretative ruling. Because *Minnesota Power* held that Rev.Rul. 76–294 is an interpretation of a regulation which was properly promulgated, that precedent controls the APA issue as well. In any event, we agree with Judge Yock's reasons for holding that it was an interpretative, not legislative, ruling.

■ In addition, with respect to NI-Gas, that party litigated and lost the APA issue in *Northern Illinois Gas Co. v. United States*, 554 F.Supp. 371 (N.D.Ill.1983), *aff'd*, 743 F.2d 539 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3501, 87 L.Ed.2d 632 (1985). Judge Yock held NI-Gas was collaterally estopped by the judgment of the Seventh Circuit from relitigating the issue in the Claims Court. *North-*

---

1. Appellants bring separate appeals from the judgment of the United States Claims Court in *Northern Illinois Gas Co. v. United States*, 12 Cl.Ct. 84 (1987), and in *The L.E. Myers Co. v. United States*, No. 362–79T (Judgment Filed Apr. 14, 1987). *See also The L.E. Myers Co. v. United States*, 10 Cl.Ct. 617 (1986). Although not con-solidated on appeal, the two appeals were argued the same day and, for the convenience of the court, a single opinion is being issued.

2. The panel in *Minnesota Power* included two judges of this panel. Appellant Myers participated therein as *amicus curiae*.

*ern Illinois Gas Co. v. United States,* 12 Cl.Ct. 84, 86–88 (1987). We agree.[3]

 We have considered all of the issues raised by the appellants and are unpersuaded of error in Judge Yock's decisions on any of those issues. Accordingly, because we agree with his analysis, we affirm on the basis of his opinions.[4]

AFFIRMED.

---

**3.** Myers has not previously litigated the APA issue; therefore, Myers was entitled to raise the issue in its suit.

**4.** *See supra* note 1.